**Juan MARTINEZ et al., Appellants,**

v.

**William WELCOME, Appellee.**

No. 13575.

Court of Civil Appeals of Texas.

San Antonio.

March 23, 1960.

Rehearing Denied April 20, 1960.

Pat Maloney, San Antonio, for appellants.

Hobart Huson, Jr., San Antonio, for appellee.

MURRAY, Chief Justice.

This suit was instituted by Juan Martinez, individually and as next friend of his three minor children joined by his wife, Adela Martinez, against William Welcome, seeking to recover damages for injuries sustained by Mrs. Martinez and her three minor children, who were passengers in an automobile owned and being driven by Louis Markin when it collided with another automobile, owned and being driven by William Welcome, in about the 1500 block of the Austin Highway in the City of San Antonio, Texas.

The trial was to a jury and resulted in a verdict favorable to plaintiffs. The trial court overruled plaintiffs' motion for judgment on the verdict and granted Welcome's motion for judgment non obstante veredicto. Juan and Adela Martinez have prosecuted this appeal.

Markin was driving his automobile north on the Austin Highway, in about the 1500 block, while Welcome was driving his car south on the same highway. Markin decided to make a left-hand turn for the purpose of entering a filling station on the west side of the highway. The jury found in answer to Issues 5 and 6, that Welcome failed to keep his auto under proper control, and that such failure was a proximate cause of the collision. The trial court set these findings aside and rendered judgment non obstante veredicto that the Martinezes take nothing.

The first question is, Was there any evidence to support these findings? Unless there was "no evidence" to support them, the trial court erred in setting them aside. Mrs. Martinez testified that the Welcome car was far down the road when they began their left-hand turn, and it came on very fast and struck them. Welcome testified that he saw the Markin automobile when he was 500 yards from it, and at that time he got the impression that Markin's car was going to make a left-hand turn. The officer who investigated the collision placed the point of contact ten feet east of the west curb. The Austin Highway at that point was a four-lane highway, sixty feet wide. Welcome did not apply his brakes or attempt to avoid a collision by swerving his car to the right or left. Welcome admitted to the drinking of two bottles of beer before the collision, which occurred at about midnight. There were no skid marks laid down by Welcome's automobile before the collision, and it went 85 feet past the point of impact. The impact knocked Markin's automobile 35 feet beyond the point of impact. Pictures of the automobiles are in the record indicating that they went together with great force and caused much physical damage. The Markin automobile was struck on the side and the Welcome car on the front, amounting to a head-on collision for it. The above constituted "some evidence" supporting the answers of the jury to Issues

5 and 6, on "lack of control" and "proximate cause."

A trial court can set aside a jury verdict and render judgment contrary thereto only where there is "no evidence" to support the finding of the jury. Otherwise, under the provisions of Rule 301, Texas Rules of Civil Procedure, the court must render judgment in keeping with the verdict of the jury.

If there is any evidence of probative force, from which reasonable minds might come to the conclusion that the jury came to, then there is "some evidence" to support the finding of the jury, and it is the duty of the court to enter judgment in keeping with such finding. The fact that there may be evidence to the contrary is immaterial. Biggers v. Continental Bus System, 157 Tex. 351, 298 S.W.2d 79, 303 S.W.2d 359; Choate v. Meredith, Tex.Civ. App., 330 S.W.2d 548; Bardwell v. Anderson, Tex.Civ.App., 325 S.W.2d 929; Joe D. Hughes, Inc. v. Moran, Tex.Civ.App., 325 S.W.2d 829; Maxey Lumber Co. v. DeGraw, Tex.Civ.App., 278 S.W.2d 607; City of Austin v. Salazar, Tex.Civ.App., 241 S.W.2d 445.

In determining the question of "some evidence" we must look only to the evidence and not to the jury's finding on other issues. City of Austin v. Salazar, supra.

Appellee contends that the jury's answer as to "proper control" should be disregarded, because the jury found in answer to other issues, that he was not traveling at an excessive rate of speed, that his failure to apply his brakes was negligence but not a proximate cause of the collision, that his failure to swerve his car to the left was not negligence, and therefore all elements of proper control were answered favorably to appellee. He overlooks the fact that the question of "proper lookout" was submitted to the jury, but unanswered. Under the facts in this case, a person who is not keeping a proper lookout would not have his automobile under proper control.

It is true that where a jury specifically finds upon all elements that, under the facts in the case, could constitute "proper control" by a defendant, in his favor, and then finds in response to a general issue that defendant did not have his auto under proper control, there would be such a conflict as would justify a trial court in not basing a judgment upon such a general finding, but a very important element of "proper control" is that of "proper lookout".

It is true that the jury found in effect, upon the discovered peril issues, that appellee did not discover the perilous position of Markin's auto until it was too late to avoid the collision, but this indicates a failure to keep a "proper lookout" rather than the keeping of a "proper lookout."

Appellee seems to rely heavily upon Holly v. Bluebonnet Express Co., Tex.Civ. App., 275 S.W.2d 737, writ ref. n. r. e. The facts in that case are somewhat similar to those here, but the distinguishing feature is that there the jury made adverse findings on the constituent elements of proper control, including "proper lookout," while here the jury made no finding on "proper lookout." We cannot conceive of a driver having his auto under "proper control" when he is not keeping a proper lookout.

There being "some evidence" of probative force supporting the issues on "proper control," the trial court erred in setting aside such findings and in rendering judgment non obstante veredicto for appellee. There being no cross-assignments of error, judgment will be here rendered in favor of appellants in keeping with the verdict of the jury.

Reversed and rendered.

## On Motion for Rehearing.

We were in error in saying, in the original opinion, that appellee did not file any

cross-points. Appellee did in fact file the following two cross-points:

### Cross-Point Number One

The findings of the jury to Special Issues Nos. 5 and 6 have insufficient support in the evidence.

### Cross-Point Number Two

The findings of the jury to Special Issues Nos. 5 and 6 are against the overwhelming preponderance of the evidence.

Under these cross-points appellee makes the following statement and argument:

"The foregoing Cross-points are made out of precaution in accordance with the provisions of Rule 324, Texas Rules of Civil Procedure.

"Without in any manner waiving our contentions with regard to the points raised by Appellants on appeal, we urge that the jury's findings to Special Issues Nos. 5 and 6 have insufficient support in the evidence and/or are against the overwhelming preponderance and weight of the evidence. Since this becomes a question for this Court to decide after reading all of the facts in this case, and since the Court will read all of the facts, there is no occasion for our laboring our Cross-points."

These cross-points, when construed in connection with the statement and argument, present nothing for this Court to pass upon. This Court does not have jurisdiction to pass upon the sufficiency of the evidence other than to determine whether there is "some evidence." In a jury trial, the weight and preponderance of the evidence is a question of fact to be decided by the jury. It is only where the finding of the jury is so against the great weight and overwhelming preponderance of the evidence as to be clearly wrong, manifestly unjust, or shocking to the conscience, that this Court has jurisdiction to set aside the verdict of the jury and grant a new trial. Bardwell v. Anderson, Tex. Civ.App., 325 S.W.2d 929.

While we are of the opinion that the cross-points, together with appellee's statement and argument, are insufficient to raise the fact question that the jury's answers to Special Issues Nos. 5 and 6, were so against the great weight and overwhelming preponderance of the evidence as to be clearly wrong and manifestly unjust, or to shock the conscience, nevertheless, we have read the entire statement of facts and conclude that such findings are not so against the great weight and overwhelming preponderance of the evidence as to be clearly wrong, manifestly unjust or shocking to the conscience. The cross-points are overruled. Watson v. Prewitt, Tex., 320 S.W. 2d 815; In re King's Estate, 150 Tex. 662, 244 S.W.2d 660; Fisher Const. Co. v. Riggs, Tex.Civ.App., 320 S.W.2d 200. See, 30 Tex.Law Rev. 803.

We have considered appellee's motion for rehearing and the same is overruled.