Charles M. DRAKE, Jr., Appellant,

v.

**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellee.**

No. 16702.

Court of Civil Appeals of Texas.

Fort Worth.

March 4, 1966.

Rehearing Denied April 1, 1966.

McGown, Godfrey, Logan & Decker, and Warren W. Shipman, III, Fort Worth, for appellant.

Doug Crouch, Dist. Atty., Fort Worth, for appellee.

LANGDON, Justice.

This is a driver's license suspension case. A Justice of the Peace in Tarrant County, Texas, entered judgment that appellant was an habitual traffic violator within the meaning of 6687b, § 22 (b), par. 4, Vernon's

Ann.Tex.Civ.St. The judgment was based upon four alleged convictions for moving violations arising out of different transactions within a period of twelve months. Appellant appealed to the Tarrant County Court at Law to set aside the Justice Court judgment. The appellee filed its original answer alleging appellant had six convictions for moving violations arising out of different transactions within a twelve month period. Both sides filed motions for summary judgment. The appellee's motion was granted and that of appellant overruled.

Attached to the appellee's motion were properly authenticated copies of six notices of conviction for moving traffic violations occurring between September 13, 1962, and April 16, 1963.

Each of the notices or abstracts of convictions were reports made upon forms provided by the Department of Public Safety for the purpose of securing information from the records of corporation courts and the justice of the peace courts of the State of Texas as to judgments of conviction rendered by such courts for traffic violations. Each of the six notices or reports is in substantial compliance with the provision of Article 6701d, § 152, V.A.T.S. and were admissible. Texas Department of Public Safety v. Richardson, 384 S.W. 2d 128 (Tex.Sup., 1964), and authorities cited therein.

The information contained in the notices or abstracts of conviction are in part as follows:

| Cause No. | Court | Offense | Date | Complaint Filed | Conviction |
|---|---|---|---|---|---|
| (1) AT 155875 | Corporation Court, Fort Worth, Tarrant County, Texas | Speeding | 9–13–62 | 9–14–62 | 9–19–62 |
| | (Amount of fine or forfeiture—$20.00) | | | | |
| (2) 3011 | Justice of the Peace Court, Precinct 3, Place 1, West McLennan County, Tex. | Speeding | 1–17–63 | 1–17–63 | 2–1–63 |
| | (Amount of fine or forfeiture—$16.50) | | | | |
| (3) 55769 | Justice of the Peace Court, Precinct 1, Place 2, Waco, McLennan County, Tex. | Speeding | 2–26–63 | 2–28–63 | 3–8–63 |
| | (Amount of fine or forfeiture—$20.50) | | | | |
| (4) 37343 | Justice of the Peace Court, Precinct 1, Place 1, Hillsboro, Hill County, Texas | Speeding | 3–19–63 | 3–27–63 | 3–27–63 |
| | (Amount of fine or forfeiture—$16.50) | | | | |
| (5) 37500 | Justice of the Peace Court, Precinct 1, Place 1, Hillsboro, Hill County, Texas | Speeding | 4–16–63 | 4–24–63 | 5–6–63 |
| | (Amount of fine or forfeiture—$20.50) | | | | |
| (6) 2581 | Justice of the Peace Court, Precinct 3, Place 1, West, McLennan County, Tex. | Speeding | 4–16–63 | 4–16–63 | 5–6–63 |
| | (Amount of fine or forfeiture—$20.50) | | | | |

Each of the alleged convictions was based upon a moving violation growing out of a separate transaction occurring within the period of twelve months.

The material facts of this case are almost identical to those in the Richardson case, supra. The appellant attempted to show by his summary judgment affidavit dated February 15, 1965, that the convictions relied upon by the appellee were illegal because he was never notified that there would be a trial; he never appeared in open court in person or by an attorney in connection with any of the alleged offenses or convictions; he never personally or by an attorney entered a plea of any kind in connection with any of the alleged offenses; he never posted nor forfeited bond or collateral in any of the cases and was never convicted of any of such offenses.

The affidavit differs with that in the Richardson case, supra, in that here the appellant makes no contention that he was not guilty of the offenses charged to him but states that no judgment was rendered convicting him of any offense in causes Nos. AT 155875, 3011 and 2581 above described. In a second affidavit dated June 1, 1965, the appellant in more detail made essentially the same statements as in the previous affidavit and additionally stated he was not notified of any action, hearing or trial in connection with the above three cases to take place on the dates on which judgments were taken therein or otherwise.

The appellant on appeal contends that the court erred in rendering summary judgment against him rather than sustaining his motion because (1) as a matter of law no judgment of conviction was entered in causes Nos. 3011 and 2581 for the same reasons as stated in his affidavit, and (2) the judgments in Waco and Fort Worth are void on their faces since the appellant did not appear in person or by attorney, entered no plea, posted no bond, received no trial and jurisdiction did not attach.

We affirm.

■ The appellants have stipulated that the judgment records of the justice court consists of "the court justice's criminal docket" and copies of the docket sheets covering causes Nos. 3011 and 2581 were attached to the appellee's motion. The words "judgment entered on this 26th day of March, 1965" appear on the docket sheet in both cases. There also appears on the margin of the docket sheets the dates February 1, 1963, and May 6, 1963, the dates contained in the abstracts or notices under the heading, "conviction." In Miller v. Texas Department of Public Safety, 375 S.W.2d 468 (Dallas Tex.Civ.App., 1964); Sup.Ct. opinion 386 S.W.2d 760 (1964), it was held that the dates of the offenses control and not the dates of conviction in determining whether four transactions occurred within the period of twelve months.

■ An attorney on behalf of the appellant by correspondence and telephone calls arranged with various courts involved for the payment of fines and costs and thus avoided the necessity for the expenditure of time and money in attending each court for trial. Under such circumstances he cannot now complain that he received no notification of a date for trial or judgment in such cases.

■ In Texas Department of Public Safety v. Miller, supra, it was stated, "The purposes of the statute are not served by giving emphasis to immaterial matters. The suspension of a driver's license and the duration of the suspension are matters lying within the discretion of the Department of Public Safety. Texas Department of Public Safety v. King, Tex.Sup., 366 S.W.2d 215 (1963). The prerequisite to the exercise of this discretionary power is a proper showing that a license holder is an habitual violator of the traffic law, i. e., that he has been convicted of four moving traffic violations which violations occurred within a twelve month period. It is the convictions that are of importance and no substantial

rights of the respondent were prejudiced by the use of the notices or abstracts to establish such convictions. If the notice of a conviction be inaccurate it may be corrected by the use of properly authenticated copies of the docket of the justice of the peace or the corporation judge as was done in Department of Public Safety v. Guleke, Tex.Civ.App., 366 S.W.2d 662, no wr. hist. (1963). In fact, the notices or abstracts may be corrected by either party but until corrective measures are taken, such notices or abstracts are to be accepted as evidence of 'the matters stated therein.' "

■ The appellant made no effort to effect any change in the notices or abstracts of conviction and until such changes are made the court must accept them as evidence of the matters stated therein.

Rather than the route above prescribed, the appellant chose to make a collateral attack upon specified judgments. In our opinion the court in each case had jurisdiction not only over the offense and the person of the appellant but to render judgment.

■ In Texas Department of Public Safety v. Richardson, supra, 384 S.W.2d at p. 130, the Supreme Court of Texas stated, "Unless the invalidity of these judgments is proclaimed upon the face of the judgments themselves, such judgments in this proceeding are to be afforded verity until set aside by a court having jurisdiction to do so. In Murchison v. White, 54 Tex. 78, decided in 1880, this Court said:

" ' (T)he judgment of a court having jurisdiction, if so irregularly or erroneously rendered as to make it liable to be vacated by a direct proceeding for this purpose, or to be reversed on appeal of writ of error, is nevertheless valid until thus vacated or reversed. * * *

" 'It is believed that a careful analysis of the cases on this subject will show that, in a collateral proceeding, the only contingency in which the judgment of a domestic court of general jurisdiction, which has assumed to act in a case over which it might by law take jurisdiction of the subject matter and the person, can be questioned, is when the record shows *affirmatively* that its jurisdiction did not attach in the particular case.' "

In the same opinion at pages 132 and 133, it is stated: "If he wishes to attack any irregular judgment against him which is not wholly void upon its record, the forum for such action is the court which rendered the judgment or in the court vested with authority to review such judgment. Here the respondent does not seek to set aside or avoid the punishment assessed for his law violation as, for example, is the case in the usual habeas corpus situation, but on the contrary seeks to avoid the administrative safety regulation by collaterally attacking in a civil court the criminal convictions rendered against him which are not shown to be invalid upon their records. This he cannot do."

There is no affirmative showing that jurisdiction did not attach in the cases attacked by appellant.

When complaints are filed and cases of the nature here involved are initiated and pending, they may be closed out by judgments of dismissal or if tried before the court or to a jury judgment may be entered on findings of guilty or not guilty. When the record in a case of the type here involved reflects that a fine and costs were assessed or paid in a stated amount, it is presumed that same is based upon a finding of "guilty" (conviction), otherwise there would be no basis or legal justification for the assessment and collection of a fine and costs. The defendant in such a cause has the unchallenged right to enter a plea of not guilty, post bond and have the case set for trial to the court or a jury at a specified time and date.

The appellant on his own initiative and by his conduct waived a trial of any kind

and voluntarily paid fines specified by the court in each of the cases above listed. By such action he obviated the necessity for any personal appearance before the court for trial or any further proceedings. Under such circumstances it would have been a useless gesture for the court, having collected a fine in such a case to set same for trial and to notify the appellant, who had voluntarily paid the fines in order to avoid trial, that his case was now set for trial on a date specified.

■ This case was not filed for the purpose of visiting additional punishment upon the appellant by increasing the fines or costs in any of the cases here involved or to otherwise enforce or collect on such judgments. This case to suspend the appellant's driver's license is for the purpose of protecting the public against incompetent and careless drivers.

■ The appellant in using the highways of the State is exercising a privilege which is subject to regulations, designed in part, to meet the convenience of the members of the traveling public and to protect them from those users of the highways who habitually violate the traffic rules and regulations. Texas Department of Public Safety v. Richardson, supra. Page 132 of the same opinion states, "From an administrative viewpoint it would be anomalous to say that an offender who had failed to keep his promise to appear and actually committed a further offense, Article 6701d, § 149, had thereby placed himself beyond administrative control, although he had sent the amount of the fine fixed for the offense with which he was charged to the court before which he promised to appear."

■ We are of the opinion that the same rule would apply to the facts of this case and that it would likewise be anomalous to say that the appellant by his actions as described herein can place himself beyond administrative control by voluntarily paying the amount of the fines fixed by the various courts, waiving his right to appear in court for a trial and thereby permitting the courts to close the cases by judgments based upon the records and information before them.

By way of summary the appellant had the right or privilege of a trial to the court or a jury in each of the six cases above listed. This right or privilege was in no way denied him. His requests to handle the cases by payment of the fines fixed rather than by trial were acquiesced in by the courts in each instance. Thereafter, being unhappy with the action taken by the courts the appellant had the further right or privilege to directly attack such judgments in the respective courts which rendered the judgments, they being the proper forum and the courts vested with authority to review such judgments. If he were successful in such efforts the notices or abstracts of conviction could be changed accordingly.

Again in the Richardson case, supra, at page 131 in discussing Texas Department of Public Safety v. Williams, 356 S.W.2d 848 (Eastland Tex.Civ.App., 1962, no writ hist.), the Supreme Court stated, "If *Williams* be construed as holding that a judgment of conviction for a traffic violation may be collaterally attacked upon an appeal from the Department's order suspending a drivers license, such construction does not meet with our approval."

All points of error are overruled and the judgment of the trial court is in all things affirmed.