### The TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant,

v.

### Bobby Wayne CUMBOW, Appellee.

### No. 136.

Court of Civil Appeals of Texas.

Houston (14th Dist.).

June 12, 1968.

Rehearing Denied July 3, 1968.

Joe Resweber, County Atty., Wynne Creekmore, Jr., Asst. County Atty., Houston, for appellant.

C. Dudley Dearman, Billy H. Ragan, Ragan & Weaver, Houston, for appellee.

SAM D. JOHNSON, Justice.

This is a driver's license suspension case founded on the provisions of the "Habitual Violator Statute," Art. 6687b, Sec. 22(b) (4), Vernon's Ann.Tex.Civ.St. The County Civil Court at Law, sitting without a jury, held that plaintiff-appellee, Mr. Bobby Wayne Cumbow, was not an "habitual violator" within the meaning of the cited article.

On November 11, 1967, the Corporation Court of Houston, Texas, held that the appellee was an habitual violator of the traffic laws of the State of Texas and suspended his driver's license in accordance with the above cited statute. The suspension in the Corporation Court was based upon four traffic violations which the appellee had incurred within a period of twelve months. In each of the four aforementioned traffic violations, the traffic courts rendered judgment against the appellee. Two of these judgments were for speeding offenses, one was for the offense of making a prohibited turn, and one was for the offense of "double parking."

The County Civil Court at Law made findings of fact and conclusions of law. It found that the offenses of speeding and of making a prohibited turn were "moving violations" within the meaning of the above

cited statute. The trial court found, however, that the offense of "double parking" was an offense provided for in a separate statute, that being Art. 6701d, Sec. 95(a) (12). The court then found that the offense of "double parking" did not constitute a "moving violation" within the meaning of Art. 6687b, sec. 22(b) (4), supra. The trial court determined that if the "double parking" offense had been a moving violation the appellee would have been an habitual violator. From the judgment that appellee was not an habitual violator, appellant perfects appeal to this court.

Art. 6687b, Sec. 22(b) (4), provides for authority to suspend operator's licenses after proper hearing upon a determination that the licensee:

"(4) Is an habitual violator of the traffic law. The term 'habitual violator' as used herein, shall mean any person with four (4) or more convictions arising out of different transactions in a consecutive period of twelve (12) months * * * such convictions being for *moving violations* of the traffic laws of this State of its political subdivisions." (Emphasis added).

The statute provides no definition of "moving violations" and the issue here presented turns on whether or not the offense of "double parking" is a "moving violation" within the contemplation of Art. 6687b, Sec. 22(b) (4).

Appellant cites Texas Department of Public Safety v. Richardson, 384 S.W.2d 128 (Tex.Sup. 1964); Davison v. State, 166 Tex.Cr.R. 376, 313 S.W.2d 883 (1958); Drake v. Texas Department of Public Safety, 400 S.W.2d 819 (Tex.Civ.App., writ ref., n.r.e.), in which the Texas courts have given interpretation to the purpose of the habitual violator statute, that being not to add punishment to the offender, but to protect the public against incompetent and careless drivers. Appellant then contends that the fundamental element of a moving violation under the statute is the element of potential danger to the person or property of the general public, and that if an offense against the traffic laws does not entail such an element of potential danger, then that offense would not be a moving violation under the statute since there would be no danger requiring the public protection.

The Legislature has not seen fit to provide the "potential danger test" as urged by the appellant, though it could have easily so stated if that had been its intent.

We are of the opinion that the trial court was correct in determining that the offense of "double parking" is not included in the contemplation of Art. 6687b, Sec. 22(b) (4), and that "double parking" is not a "moving violation." We find no ascertainable legislative intent that the offense of "double parking" was intended to be included as a "moving violation" and believe that any contrary determination on the part of this court would be a usurpation of the legislative function.

We find no error in the judgment of the trial court and it is affirmed.