Gordon HARRIS, Jr., Appellant,

v.

TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellee.

No. 7088.

Court of Civil Appeals of Texas.

Beaumont.

Oct. 30, 1969.

Rehearing Denied Nov. 20, 1969.

Waldman & Smallwood, Beaumont, for appellant.

Fuller, Fuller & McPherson, Port Arthur, for appellee.

KEITH, Justice.

In this workmen's compensation case, plaintiff sought judgment as and for total and permanent disability, but procured jury findings of only permanent partial loss of use of his leg. These latter findings were set aside upon motion of the defendant, and the plaintiff appeals. The parties will be designated as they appeared in the trial court. Harris, an employee of Port Drum Company, was burned on his left leg while working in the course of his employment on December 20, 1965. He was afforded medi-

cal treatment, paid workmen's compensation benefits by the defendant for four and two-sevenths weeks, and returned to work in his same employment on January 19, 1966. He continued to work in his regular job until discharged some two and a half years later.

The appeal from the award of the Industrial Accident Board contained very general language describing the nature or extent of his injuries, these being the words used: "Plaintiff sustained the following personal injuries: To his legs, both thighs, both calfs [sic], causing scaring [sic], and also injuries to his nerves, nervous system, and general injuries to his body." He sought to recover 401 weeks at the maximum amount payable in a lump sum. There was no alternative count seeking a recovery for a specific injury. Defendant's answer was equally general in nature.

In their first answer, the jury found that plaintiff did not sustain an injury to his left sacroiliac joint so that all subsidiary issues as to a recovery for a general injury went out of the case. The findings included a series finding total loss of use of the left leg for the four and two-sevenths weeks for which plaintiff had been paid while he was off from work, followed by a finding of thirty per cent permanent partial loss of use of the left leg beginning upon the date he did return to work.

The trial court, acting under Rule 301, T.R.C.P., set aside the favorable answers with reference to partial loss of use of the leg and entered judgment for defendant, from which this appeal is taken. The points brought forward contend that it was error for the trial court to disregard the answers because (a) there was sufficient evidence to support the answers and (b) the answers were not contrary to the overwhelming weight and preponderance of the evidence. In passing on these points "we must honor the well established rule which requires that we view the evidence in its most favorable light in support of the verdict." Texas & Pacific Railway Co. v. McCleery, 418 S.W.2d 494, 496 (Tex.Sup., 1967).

A succinct statement of the rules governing the authority of trial courts in cases such as that at the bar is to be found in Martinez v. Welcome, 335 S.W.2d 254, 257 (San Antonio, Tex.Civ.App., 1960, error ref., n. r. e.), which we reproduce, omitting citations found therein:

"A trial court can set aside a jury verdict and render judgment contrary thereto only where there is 'no evidence' to support the finding of the jury. Otherwise, under the provisions of Rule 301, Texas Rules of Civil Procedure, the court must render judgment in keeping with the verdict of the jury.

"If there is any evidence of probative force, from which reasonable minds might come to the conclusion that the jury came to, then there is 'some evidence' to support the finding of the jury, and it is the duty of the court to enter judgment in keeping with such finding. The fact that there may be evidence to the contrary is immaterial. * * *

"In determining the question of 'some evidence' we must look only to the evidence and not to the jury's finding on other issues. * * *"

See also: Collier v. Hill & Hill Exterminators, 322 S.W.2d 329, 332, 73 A.L.R.2d 1141 (Houston Civ.App., 1959, error ref., n. r. e.) and Houston County v. Leo. L. Landauer & Associates, Inc., 424 S.W.2d 458, 464 (Tyler, Tex.Civ.App., 1968, error ref., n. r. e.).

Plaintiff's evidence was to the effect that he was able to do any kind of heavy work which might have been required of him before the accident, but that he could not do so thereafter. He testified that he was still "crippled" in his left leg; that he "can't put too much weight on that leg"; that he had to "kinda hop around on it"; and that "I always was limping from that day" [of the accident]. He asserted that "I can't use it [his leg] like I used to could use it"; "I couldn't walk the way I did walk"; and he complained of pain in his left leg.

To some extent at least, he was corroborated by a fellow employee, Lott, as to plaintiff's complaints of his left leg "bothering him" after he returned to work following his accident, the complaint being located "sorta behind his thigh" where the burned area was found. Lott also testified that the plaintiff, after the accident, "hops when he walks."

Plaintiff's medical witness, Dr. Skarke, testified that upon examination, plaintiff complained of pain in his left lower extremity and he found that plaintiff would "move about with poor use of the left lower extremity." He attributed this to the burn injury which had resulted in disability. Dr. Skarke first saw plaintiff on July 29, 1966, more than six months after plaintiff had returned to his job after the accident, and he noted that by measurement the muscle in plaintiff's left leg was one-quarter inch smaller than that in his right leg. He attributed this to "lack of use of the leg or of a loss of substance of the muscles of the calf if it is smaller."

Taking this evidence together, we are impelled to the conclusion that there was "some" evidence to support the verdict of the jury finding a partial loss of use of the left leg. Reasonable minds might very well come to the conclusion that there was some disability—as did the jury in this instance. *Martinez,* supra.

In support of the judgment entered, defendant points to the fact that the physicians who testified, one for each party, were in substantial accord on the fact that plaintiff had recovered from the burns. Dr. Skarke's testimony with reference to the existing disability was, it is true, directed primarily to the lower back rather than the leg. That of defendant's witness was essentially to the effect that the plaintiff had recovered from the effects of the leg injury and had no incapacity in his back. Such evidence was, as said in *Martinez,* supra, "immaterial" under Rule 301.

If we were the triers of the fact, it is possible that our decision on the issue of

disability might have been different from that returned by the jury. Such is not, however, our function. The medical testimony simply raised an issue for determination by the jury. There was, as we have pointed out, "some evidence" which would support the answers finding the partial loss of use of the left leg.

It follows, therefore, that the trial court erred in failing to render judgment "in keeping with the verdict" (*Martinez*, supra), for which reason the judgment must be reversed. This holding, however, does not completely dispose of the case as presented by the parties.

■ There remains for consideration the efficacy of the defendant's challenge of the sufficiency of the evidence to support the jury findings on permanent partial loss of use of the leg. Our problem stems from the fact that defendant has not complied literally with Rule 324, T.R.C.P., and particularly the 1957 amendment thereof. Justice Greenhill in Jackson v. Ewton, 411 S.W.2d 715 (Tex.Sup., 1967), has a scholarly discussion of "points," "counter-points," "reply-points," and "cross-points," which, if followed by the Bar generally, would do much to eliminate the confusion such as we encounter in this case.

The defendant herein did not bring forward any *cross-points* as defined in Rule 324, instead we find in the brief three "counter-points" which are set out in the footnote.[1] It is obvious from our prior discussion of the case that only counter-point number one is a true "reply-point," as defined in *Jackson*, supra (411 S.W.2d at 717).

The 1957 amendment of Rule 324, T.R.C.P., designed to modify the holding in DeWinne v. Allen, 154 Tex. 316, 277 S.W.2d 95, 99 (1955), made several changes in the Rule. The language of the Rule, while using the permissive "may", also has sanctions attached thereto. Clearly applicable to our case is this portion of Rule 324.

> "When judgment is rendered non obstante veredicto or notwithstanding the finding of the jury on one or more special issues, the appellee may bring forward by cross-point contained in his brief filed in the Court of Civil Appeals any ground which would have vitiated the verdict or would have prevented an affirmance of the judgment had one been entered by the trial court in harmony with the verdict, *including although not limited to the ground that one or more of a jury's findings have insufficient support in the evidence or are against the overwhelming preponderance of the evidence as a matter of fact, * * *. The failure to bring forward by cross-points such grounds as would vitiate the verdict shall be deemed a waiver thereof, * * *."* (Emphasis ours.)

■ The trial court was not authorized to disregard the jury's answers because the evidence might have been factually insufficient to support the same; only if there was no evidence would such action have been proper. Garza v. Alviar, 395 S.W.2d 821, 824 (Tex.Sup., 1965).

The greater part of defendant's brief is devoted to its contention that there was no evidence to support the finding of partial loss of use of the leg, a proper reply to plaintiff's contentions. However, the last

---

1. Counter Point No. One: "The Trial Court was correct in sustaining Defendant's Motion to Disregard the Jury's Answers to Special Issues Numbered 19, 20, 21, 22, and 24, and entering judgment for defendant on remainder of the verdict, since there was no evidence to support the jury's answers to such special issues."

Counter Points Nos. Two and Three are identical to No. One down to the concluding phrase therein. No. Two concludes: "since there was insufficient evidence to support the jury's answers to such special issues." No. Three concludes: "since the answers of the jury were contrary to the overwhelming weight and preponderance of the evidence."

two paragraphs in the defendant's brief go a little further:

> "Even if it be felt that there is some evidence on the issue of causation between the specific injury, and the disability complained of, it is respectfully submitted that the same would amount to only a scintilla of evidence and is, therefore, as a matter of law, insufficient.[2]

> "Finally, and in the alternative, in view of the fact that the Plaintiff's own medical witness, by whose testimony he is bound, testified that, in his opinion these specific injuries did not produce the disability complained of, it is respectfully submitted that the jury's answer in response to such issue is against the overwhelming weight and preponderance of the evidence; and, that therefore, that if the judgment of the Court below is not affirmed, then the same should be reversed and remanded for a new trial."

The rules relating to the form and substance of appellant briefs are liberally construed in favor of the sufficiency of a brief and we should not adopt a technical approach which might pervert justice. See generally: McKelvy v. Barber, 381 S.W.2d 59, 62 (Tex.Sup., 1964); Fambrough v. Wagley, 140 Tex. 577, 169 S.W.2d 478, 482 (1943); Gleason v. Davis, 155 Tex. 467, 289 S.W.2d 228, 229, 230 (1956); Rule 422, T.R.C.P.

Defendant has, in our opinion, substantially complied with Rule 324, although he has not formally labeled his second and third counter-points by their technically correct name. These latter two "counter-points" are of no value as such; but, when we simply change the label to "cross-points" and consider the argument thereunder, they are sufficient to preserve the claimed error. The technical construction would leave us no alternative but to render judgment for the plaintiff. Rule 301, T.R.C.P.; Jackson

v. Ewton, supra; Le Master v. Fort Worth Transit Co., 138 Tex. 512, 160 S.W.2d 224 (1942). Instead, giving a liberal construction to the rules, we now consider the second and third counter-points of defendant as cross-points under Rule 324.

In our consideration of the evidence under the renamed points now under discussion, we do so considering the record as a whole. In re King's Estate, 150 Tex. 662, 244 S.W.2d 660, 661 (1951).

■ Our review of the evidence leads us to the belief that while there was "some" evidence to support the jury's findings of permanent partial loss of the use of the leg, the evidence is insufficient, factually, to support the finding of the jury. Plaintiff's medical witness, Dr. Skarke, being interrogated about the effect of the burns upon the plaintiff's leg, said that while plaintiff "might be a little cranky about it," he would not expect the burns to give plaintiff any disability. The defendant's medical witness, Dr. Goldblum was, as would be expected, somewhat more definite in his testimony on the subject. He unequivocally testified that: "My opinion is that he does not have any problem due to the injury for which I treated him," the burns upon his legs.

Ordinarily, disputes between medical experts given upon a trial presents a question peculiarly within the province of the jury. Maryland Casualty Co. v. Hearks, 144 Tex. 317, 190 S.W.2d 62, 64 (1945). Here, however, the evidence discloses that the plaintiff had worked in his former employment for more than two years and until he was discharged for reasons unconnected with his disability. The entire thrust of his presentation below was directed to the establishment of a general injury, i. e., he had injured his back when he jumped into the water barrel to extinguish the fire. The parties tried this case upon the basis of the alleged general injury as is apparent from

---

2. The loose use of the word "insufficient," when referring to the quantum of evidence supporting a finding, to use Justice Walker's words in *Garza*, supra, is "often troublesome because of its ambiguity." (395 S.W.2d at 823.)

the pleadings previously noted and the issues on the specific injury appear to have been an afterthought. Considering the record as a whole, the evidence is factually insufficient, i. e., contrary to the overwhelming weight and preponderance of the evidence, to support the findings now attacked in the renamed points of the defendant.

The cause is, therefore, reversed and remanded to the trial court for a new trial upon all issues supported by appropriate pleadings and evidence.