**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant,**

v.

**Alan Wayne BONDS, Appellee.**

No. 16045.

Court of Civil Appeals of Texas, Houston (1st Dist.).

March 22, 1973.

Joe Resweber, County Atty., Richard I. Colton, Asst. County Atty., Houston, for appellant.

Peter D. Williamson, Houston, for appellee.

PEDEN, Justice.

After a non-jury trial in county court, the Texas Dept. of Public Safety appeals from the trial court's judgment that appellee Bonds is not an habitual violator of traffic laws; i. e., he was not convicted of four moving traffic violations within twelve months. A conclusion of law made by the trial judge shows that the judgment in favor of Bonds was based on a holding that a violation of the motorcycle helmet statute was not a moving traffic violation.

Sec. 22(b) of Article 6687b, Vernon's Ann.Tex.Civ.St., contains these provisions:

"The authority to suspend the license of any operator, commercial operator, or chauffeur as authorized in this Section is granted the Department upon determining after proper hearing as hereinbefore set out that the licensee:

". . .

"4. Is an habitual violator of the traffic law. The term 'habitual violator' as used herein, shall mean any person with four (4) or more convictions arising out of different transactions in a consecutive period of twelve (12) months, . . . such convictions being for moving violations of the traffic laws of this state or its political subdivisions."

The trial judge made the following findings of fact:

"The Plaintiff Alan Wayne Bonds has been convicted of four (4) traffic violations committed within a twelve (12) month period, to wit:

"1. Speeding in Houston, Texas, on August 16, 1970.

"2. Failure to wear protective headgear while operating a motor cycle in Houston, Texas, on August 19, 1970.

"3. Speeding in Houston, Texas, on November 12, 1970.

"4. Driving on wrong side of one-way or divided highway in Houston, Texas, on December 16, 1970."

The following conclusions of law were also made by the trial judge:

I.

"As a matter of law, the Plaintiff Alan Wayne Bonds is not an habitual violator of the traffic laws as that term is defined by Section 22(b)(4) of Article 6687b, Vernon's Annotated Civil Statutes, in that Plaintiff has only three (3) moving traffic violations or convictions arising out of different transactions in a consecutive period of twelve (12) months.

II.

"The Plaintiff Alan Wayne Bonds' conviction of failure to wear protective headgear while operating a motor cycle in Houston, Texas, on August 19, 1970, did not constitute a moving traffic violation as contemplated by Article 6687b of Vernon's Annotated Civil Statutes, thus leaving only three (3) moving violations."

These pertinent provisions of the statute requiring the wearing of protective headgear for motorcycle operators and passengers are found in Art. 6701c–3, V.A.T.S.:

" . . .

"Sec. 2. After December 31, 1967, no person may operate a motorcycle on a public street or highway of this state unless he wears protective headgear which has been approved by the Department of Public Safety, nor may any person carry a passenger on a motorcycle on a public street or highway of this state unless the passenger wears protective headgear which has been approved by the Department of Public Safety, nor may any person ride as a passenger on a motorcycle on a public street or highway of this state unless he wears a protective headgear which has been approved by the Department of Public Safety.

"Sec. 3. The department shall prescribe minimum safety standards for protective headgear used by motorcyclists in this state in order to provide for the safety and welfare of motorcycle operators and passengers. The department may adopt all or any part of the standards of the United States of America Standards Institute for protective headgear for vehicular users.

" . . . "

The appellant's first point of error is that the trial court erred in concluding as a matter of law that the failure to wear protective headgear while operating a motorcycle does not constitute a moving violation of the traffic laws of the State of Texas.

The Texas Supreme Court stated in Texas Dept. of Public Safety v. Richardson, 384 S.W.2d 128 (Tex.1964):

" . . . in this case we are not concerned with criminal penalties but rather with an administrative and regulative power vested in the Texas Department of Public Safety which power has for its purpose the protection of the lives and property of those using the highways. A driver's license is not suspended for the purpose of visiting additional punishment upon an offender but in order to protect the public against incompetent

and careless drivers. . . . It is clear that one making use of the highways of the state is exercising a privilege which is subject to regulation. . . ."

The statute requiring the wearing of protective headgear, Art. 6701c–3, has been held by the Texas Court of Criminal Appeals in Ex parte Smith, 441 S.W.2d 544 (1969), to be one which was designed and intended to promote the welfare and safety of the general public as well as the cyclist and to bear a reasonable relationship to highway safety generally. The court adopted the language used in State v. Anderson, 3 N.C.App. 124, 164 S.E.2d 48 (1968), in holding that a similar safety helmet requirement in a North Carolina statute bears a substantial relation to the promotion of the welfare and safety of the general public as distinguished from the welfare solely of the individual riders of motorcycles who are most directly affected.

We find no statutory definition of the term "moving violations of the traffic laws," but in several cases Texas appellate courts have passed on whether certain traffic offenses constitute moving violations. In Miller v. Texas Department of Public Safety, 375 S.W.2d 468 (Tex.Civ. App.1964, reversed on other grounds, 386 S.W.2d 760), the court held that the offense of driving without lights constituted a moving violation in contemplation of Art. 6687b, Sec. 22(b). Held not to be moving violations were "no brake lights", in Dept. of Public Safety v. Guleke, 366 S.W.2d 662 (Tex.Civ.App.1963, no writ), and "double parking" in Texas Dept. of Public Safety v. Cumbow, 430 S.W.2d 552 (Tex.Civ.App.1968, writ ref.).

In our case the trial court found that the offense in question consisted of "Failure to wear protective headgear while operating a motorcycle. . . ." The statute in question requires that the prescribed headgear be worn while *operating* a motorcycle *on a public street or highway of this state.*" (emphasis added).

In our case it is not necessary for us to determine whether the offense described by the trial court's finding constitutes a moving violation of the traffic laws, because the appellee has correctly pointed out that there is no evidence in the record to support the finding that Bonds was convicted of failure to wear protective headgear while *operating a motorcycle.* The only evidence as to the nature of the conviction in question was proof that he had been convicted of a "motorcycle helmet viol."

What the appellee calls his "Counterpoint No. 1" should have been labeled his "Cross-point No. 1". It states that there is no evidence that a motorcycle helmet violation has any relationship to his operation of any motorcycle or other motor vehicle for which a driver's license is required. He points out that one may be in violation of the motorcycle headgear statute, Art. 6701c–3, by riding as a passenger on a motorcycle on a public street without wearing a protective headgear and that there is no evidence in the record to show that he received the citation in question because of his "failure to wear protective headgear while operating a motorcycle. . . ."

■ Rule 420, Tex.Rules of Civ.Proc. states that an appellee who desires to complain of any ruling or action of the trial court shall substantially follow, in his brief in regard to such matters, the form of the brief for appellant. However, applying a liberal construction in favor of the sufficiency of the appellee's brief as Rule 422 provides, we hold that his mis-labeled counterpoint substantially complies with the requirement of Rule 420. See Harris v. Texas Employers Insurance Assoc., 447 S.W.2d 211 (Tex.Civ.App.1969, writ ref. n. r. e.).

■ Appellee had no basis for excepting to the judgment and was not required to file a motion for new trial. This trial was before the court without a jury, so we do not apply the provisions of Rule 324 relating to the rendering of a judgment n. o. v. or the preservation on appeal of grounds concerning jury verdicts.

We hold that evidence of conviction of a "motorcycle helmet violation" will not support suspension of an operator's license as an habitual violator without proof that the conviction was for operating the motorcycle on a public street or highway without wearing an approved protective headgear.

We have already noticed that the purpose of the act providing for suspension of the licenses of habitual violators of moving traffic regulations is to protect the public against incompetent and careless drivers. Appellee's conviction of a "motorcycle helmet violation" may have resulted from his having been a passenger. One needs no operator's license to be a passenger, and his actions as a passenger do not necessarily make him an incompetent or careless driver.

Affirmed.