The **TEXAS DEPARTMENT OF PUBLIC SAFETY**, Appellant,

v.

**Thomas James RYLAND**, Appellee.

No. 16606.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Jan. 15, 1976.

Joe G. Resweber, County Atty., Richard I. Colton, Asst. County Atty., for appellant.

No brief filed for appellee.

PEDEN, Justice.

Thomas James Ryland was convicted of operating a motorcycle upon a public street without wearing upon his head protective headgear which had been approved by the Department of Public Safety of Texas. The question on appeal is whether this was a conviction of a moving traffic law violation. We hold that it was.

Mr. Ryland had earlier been found to be an habitual violator of the traffic laws of the state, under Article 6687b, Sec. 22(b)4, Vernon's Texas Civil Statutes, and his license ordered suspended for two months, but the suspension was probated for six months conditioned upon his not being "convicted of any moving traffic law violation . . . during his probationary period . . . ."

Some months later, after a hearing in Municipal Court in Houston, Ryland's probation was revoked and his operator's license was ordered suspended because, during his probationary period, he had been convicted of operating a motorcycle without wearing a helmet. He appealed this suspension by filing suit in a Harris County Civil Court at Law. After a non-jury trial, the judge entered a judgment that included these findings:

That the Plaintiff Thomas James Ryland was convicted of the offense of operating a motorcycle on a public street or highway without protective headgear (helmet), and that said offense occurred during the period that the Plaintiff was on driver's probation for being an habitual violator of the traffic laws of the State of Texas.

The Court further finds that the offense of operating a motorcycle on a public street or highway without protective headgear (helmet) is not a moving violation as contemplated by Art. 6687b, V.T. C.S.

And that, therefore, Plaintiff Thomas James Ryland did not violate the terms of his driver's probation said terms requiring that Plaintiff is not to be convicted of any moving traffic violation which occurred during the time of said probation.

The Texas Department of Public Safety complains that the trial court erred in concluding that Ryland did not violate the terms of his probation because the failure to wear protective headgear while operating a motorcycle is not a moving violation of the traffic laws of this State. The appellee did not file a brief in this court.

Article 6701c–3, Sec. 2, V.T.C.S., provides:

Necessity of protective headgear

Sec. 2. After December 31, 1967, no person may operate a motorcycle on a public street or highway of this state unless he wears protective headgear which has been approved by the Department of Public Safety, nor may any person carry a passenger on a motorcycle on a public street or highway of this state unless the passenger wears protective headgear which has been approved by the Department of Public Safety, nor may any person ride as a passenger on a motorcycle on a public street or highway of this state unless he wears a protective headgear which has been approved by the Department of Public Safety.

In *Texas Dept. of Public Safety v. Bonds*, 493 S.W.2d 275 (Tex.Civ.App.1973, no writ), we did not reach the question here presented. We stated:

We find no statutory definition of the term "moving violations of the traffic laws," but in several cases Texas appellate courts have passed on whether certain traffic offenses constitute moving violations. In *Miller v. Texas Department of Public Safety*, 375 S.W.2d 468 (Tex.Civ.App.1964, reversed on other grounds, Tex., 386 S.W.2d 760), the court held that the offense of driving without lights constituted a moving violation in contemplation of Art. 6687b, Sec. 22(b). Held not to be moving violations were "no brake lights", in *Dept. of Public Safety v. Guleke*, 366 S.W.2d 662 (Tex.Civ.App.1963, no writ), and "double parking" in *Texas Dept. of Public Safety v. Cumbow*, 430 S.W.2d 552 (Tex.Civ.App.1968, writ ref.).

The Texas Court of Criminal Appeals held in *Ex parte Smith*, 441 S.W.2d 544 (1969) that Article 6701c–3 was designed and intended to promote the welfare and safety of the general public as well as the cyclist.

We think that by providing "no person may operate a motorcycle  .  .  .  .  unless he wears protective headgear  .  .  .  ," the legislature contemplated that one must move a motorcycle to operate it. We hold that the offense constituted a moving traffic law violation and that the suspension of the operator's license for two months should have been upheld.

Reversed and rendered.