

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL,
ATTORNEY GENERAL

June 15, 1976

The Honorable Wilson E. Speir
Director
Texas Department of Public Safety
5805 North Lamar Blvd.
Box 4087
Austin, Texas   78773

Opinion No. H-837

Re:   When probation of a
driver's license sus-
pension may be revoked.

Dear Col. Speir:

You have requested our opinion regarding the "controlling event" in a violation of probation of a suspended driver's license.   Section 22 of article 6687b, V.T.C.S., provides, in pertinent part:

> (e) The judge or officer holding a hearing under Subsection (a), (b), or (d) of this section, or the court trying an appeal under Subsection (c) of this section, on determining that the License shall be suspended or revoked, may, when it appears to the satisfaction of the court that the ends of justice and the best interests of the public as well as the defendant will be subserved thereby, recommend that the revocation or suspension be probated on terms and conditions deemed by the officer or judge to be necessary or proper.   The report to the department of the results of the hearing must include the terms and conditions of such probation. When probation is recommended by the judge or officer presiding at a hearing, the department shall probate the suspension or revocation.

> (f) When the director believes that a
> licensee who has been placed on probation
> under Subsection (e) of this section has
> violated a term or condition of the pro-
> bation, the director shall notify the
> licensee and summons him to appear at a
> hearing as provided in Subsection (a) or
> (d) of this section, after notice as
> provided in Subsection (a) of this section.
> The issue at the hearing shall be whether
> a term or condition of the probation has
> been violated.  The officer or judge
> presiding at the hearing shall report
> his finding to the department and if the
> finding is that a term or condition of
> the probation is violated, the department
> shall revoke or suspend the license as
> determined in the original hearing.

You state that in the usual situation the licensee violates a probation condition that he not violate any traffic law of the State of Texas.  In many instances, the Department is notified of a traffic offense only a short time before the probation period expires, and frequently, such period has in fact expired by the time the notice of hearing reaches the licensee.  You therefore ask whether the date of the actual traffic offense which serves as the basis of the probation violation hearing, the date of final conviction of such offense, or some subsequent date, is the controlling event in determining whether the Department must hold a hearing.

In our opinion, the date of the actual offense is the controlling event.  By analogy, it is well established that the dates of the offenses, rather than the dates of final conviction, control in determining whether four violations have occurred within a period of 12 months for purposes of license suspension hearings.  Drake v. Texas Department of Public Safety, 400 S.W.2d 819, 822 (Tex. Civ. App. -- Fort Worth 1966, writ ref'd n.r.e.).  See also Texas Department of Public Safety v. King, 366 S.W.2d 215, 219-20 (Tex. Sup. 1963).  Thus, we conclude that the date of the commission of the offense is the controlling event in a violation of probation of a suspended driver's license.

## S U M M A R Y

The date of the commission of the traffic
offense which serves as the basis for
holding a probation violation hearing is
the controlling event in determining
whether there has been a violation of
the terms of probation during the pro-
bationary period for a suspended driver's
license.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb