**DEPARTMENT OF PUBLIC SAFETY,**
Appellant,

v.

**James Seewald GULEKE, Appellee.**

No. 7237.

Court of Civil Appeals of Texas.

Amarillo.

March 14, 1963.

Eli Willis, Dumas, for appellant.

Lovell & Lyle, Dumas, for appellee.

CHAPMAN, Justice.

This is an appeal from a summary judgment granted James Seewald Guleke, appel-

**664**

lee, by the County Court of Moore County vacating and holding for naught an order of Justice Court Precinct 4, Moore County, which had suspended Gulcke's driver's license for a period of four months on request of the Department of Public Safety for the State of Texas. Appeal from said Justice Court was perfected within the time and under the authority provided in Section 22(c) of Article 6687b Vernon's Ann.Texas Civ.St. Motions for summary judgment were filed both by the Department of Public Safety and by appellee, Guleke. The motion of the Department was denied and that of appellee granted. It is from such judgment appeal is perfected to our court.

The Justice Court had rendered a finding that appellee was an "habitual violator" of the traffic laws in that he had been convicted of four or more violations of the traffic laws of the State of Texas within a period of twelve months.

▮ When appeal was perfected to the county court in this case, appellee was entitled to a trial de novo and the burden of proof was upon appellant here to obtain a new judgment. Article 6687b, Section 22 (c); Knight v. Texas Department of Public Safety, Tex.Civ.App., 361 S.W.2d 620 and cases there cited.

▮ As proof of its case appellant offered as part of its summary judgment motion six instruments purporting to be abstracts from the administrative hearings of justice and corporation courts. Among those was Cause No. 14511 in Justice Court of Dumas, Texas, against James Seewald Guleke for speeding. Appellee in his motion for summary judgment included a verifax copy of the judge's docket showing Cause No. 14511 against James Seewald Guleke for speeding. The docket sheet on which the judgment of the justice court is written reflects that Cause No. 14511 had not been tried, no bond was ever made, no conviction was ever had and no forfeiture was ever made. Therefore, the abstract or

notice purportedly based on a conviction in Cause No. 14511 in Justice Court in Dumas could not, in our opinion, be considered. That reduces to five the abstracts of conviction that could be considered for any purpose in the suspension of the license.

▮▮ One of the purported convictions was for "no brake lights", so it could not be considered in the convictions necessary for suspension of license because it was not a moving violation as required under Section 22(b) 4 of Article 6687b V.T.C.S. That left only four. One of those was for violation of a stop sign on 8–14–60, while another of the four left was for a negligent collision on 8–28–61, more than a year later. Therefore, even if it could be said that the summary judgment evidence in the motion of appellant showed four convictions for moving violations, they still were not within the consecutive period of twelve months required under Section 22(b) 4 of Article 6687b V.T.C.S.

Appellant was dependent upon the abstracts of convictions in its motion for summary judgment either to prevail on its motion or to prevent appellee's motion. Notices of conviction constituting the abstracts of convictions above referred to have been held to be admissible and when incorporated in a motion for summary judgment to constitute prima facie evidence *of the matter stated therein*. Whittington v. Department of Public Safety, Tex.Civ.App., 342 S.W.2d 374 (NRE). However, the notices in the instant case failed to show appellee as the person convicted.

All emphases shown herein are ours.

▮ Article 6701d, Section 152(c) V.T.C.S. provides the abstract of the record *shall* include, among other requirements, the registration number of the vehicle; the plea, or whether bail was forfeited and the amount of forfeiture; and the number of his operator's, commercial operator's, or chauffeur's license. None of the notices.

contained the plea or the registration number of the vehicle and all of them contained an operator's license number different to his own. Therefore, we believe they were not proper to be considered as part of the summary judgment evidence absent a showing by some other component of the summary judgment record that the operator's license number shown was a mistake and that the convictions were actually against the person whose license had been suspended. Under the record made they did not show convictions against James Seewald Guleke here involved because his license number was 0590541. The convictions, if they were such, show to be against James Seewald Guleke with license number 590541. We do not believe a prima facie case for suspension was made but if it was it was rebutted by appellee's motion. The burden of proof was upon appellant and the substantial evidence rule is not applicable. Whittington v. Department of Public Safety, supra, and cases there cited.

If the abstracts of purported convictions were incorrect, appellant could have corrected them by affidavits, depositions or some other component of the summary judgment record to show that they were against the James Seewald Guleke being proceeded against. This it did not do nor in any manner justify its inability to do so and seek appropriate relief under Subdivision (f) of Rule 166–A Vernon's Ann.Texas Rules.

Under this state of the record a motion for instructed verdict had the cause been before a jury, would have been good. Under such a situation then, the motion for summary judgment made by appellee was proper. Gulf, Colorado & Santa Fe Railway Co. v. McBride, 159 Tex. 442. 322 S.W. 2d 492.

Accordingly, the judgment of the County Court of Moore County is in all things affirmed.