**TEXAS DEPARTMENT OF PUBLIC SAFETY, Petitioner,**

v.

**Jack Leroy MILLER, Respondent.**

**No. A-10072.**

Supreme Court of Texas.

Nov. 25, 1964.

Rehearing Denied Feb. 3, 1965.

Henry Wade and John J. Orvis, Dallas, for petitioner.

J. M. Deavenport, Dallas, Tom Upchurch, Jr., Amarillo, for respondent.

HAMILTON, Justice.

This is a driver's license suspension case. Pursuant to the provisions of Article 6687b, Sec. 22(a), Vernon's Ann.Civ.St., as amended, the Texas Department of Public Safety caused Jack Leroy Miller to appear before a justice of the peace of Dallas County, Texas, for a hearing to determine whether Miller was an habitual traffic violator within the meaning of Article 6687b, Sec. 22(b), Par. 4, V.A.C.S. The justice of the peace made an affirmative finding, and the Texas Department of Public Safety suspended Miller's driver's license for a period of six months. From this order Miller appealed to the County Court at Law No. 1, Dallas

County, Texas, by authority of Article 6687b, Sec. 22(c), V.A.C.S. On this appeal Miller denied he was an habitual violator and prayed for restoration of his driver's license. As his defense Miller urged that he was not legally convicted in two of the causes relied upon by the Department.

By answer and cross-action the Department alleged that Miller had been convicted of five moving traffic violations occurring within a twelve months' period of time and that such fact authorized the issuance of the suspension order. Par. 4, Sec. 22(b), Art. 6687b, V.A.C.S. The Department filed its verified motion for summary judgment, supported by certified copies of five notices of conviction from the Clerk of the Corporation Court of Dallas, Texas. Miller filed a controverting affidavit contending that he was not legally convicted in Cause No. 46656–B and Cause No. 25388–B, each being one of the convictions relied upon by the Department, in that he did not appear in open court or plead guilty, nor was he tried in open court either in person or by his attorney, and did not forfeit bail in either of said causes.

The county court sustained the motion for summary judgment of the Department of Public Safety and thereby upheld the order of suspension. This judgment was reversed and remanded by the Court of Civil Appeals. See Miller v. Texas Department of Public Safety, 375 S.W.2d 468.

▮▮▮▮ The recent case of Texas Department of Public Safety v. Richardson, 384 S.W.2d 128 (1964), decided by this court, involving facts in every material respect the same as are involved in this case is controlling. There the notices of conviction were held to be in substantial compliance with the provisions of Article 6701d, Sec. 152, and to be admissible in evidence. Likewise in this case these notices of conviction showing that Miller had been convicted of five moving traffic violations occurring within a twelve months' period of time were in substantial compliance with said statute and were admissible in evidence. To give

consideration to Miller's claim supported by affidavit of his not being legally convicted would be to allow a collateral attack to be made upon final judgments of a corporation court which were the basis of the Department's suspension order, and therefore would be contrary to the Richardson case. Hence the Court of Civil Appeals was in error in holding that such affidavit made issues of fact which would prevent summary judgment from being granted.

The judgment of the Court of Civil Appeals is reversed and that of the trial court is affirmed.

## ON MOTION FOR REHEARING

Upon rehearing, the respondent urges "that the best evidence of the validity of the alleged convictions and alleged judgments underlying the notices of conviction would be the verifax copies of the Dallas Corporation Court docket themselves regarding each cause or ticket number" * * * and "that the burden of producing such best evidence is on Petitioner and is not incumbent on Respondent to produce such evidence, as it is a part of the burden of proof necessary to support the alleged 'Notices of Conviction.'" It is urged that as the form of report prepared by the Department of Public Safety does not in all particulars comply with the statute, the notice or abstracts of judgments are not admissible in evidence under the provisions of Article 3731a, Vernon's Ann.Tex.Stats.

There are a number of decisions which have held that notices or abstracts of conviction such as are involved here are admissible in evidence. See cases cited in Texas Department of Public Safety v. Richardson, Tex.Sup., 384 S.W.2d 128 (1964). It does not, however, appear from the face of the opinions that the exact point urged here was passed upon in such cases. The most serious objection raised to the form of the notices of conviction relied upon by the Department of Public Safety is that they do not show the registration number of the vehicle involved in

the offense nor the plea of the defendant to the traffic violation charged against him.

In suspending Miller's driving license, the Department of Public Safety acted under authority of Article 6687b, § 22, ¶ (b), subdivision 4. The basis of the suspension was that Miller was an habitual violator of the traffic law in that he was a "person with four or more *convictions* arising out of different transactions in a consecutive period of twelve months * * * such convictions being for moving violations of the traffic laws of the State of Texas or its political subdivisions."

The registration number of the motor vehicle is not material to the ground of suspension relied upon by the Department. Neither is the nature of the plea of the defendant. What is all-important is that Miller was *convicted* for four moving traffic violations.

Article 3731a, § 1 provides that:

"Any written statement, certificate, record return or report made by an officer of this State or of any governmental subdivision thereof, or by his deputy or employee, in the performance of the functions of his office shall be, so far as relevant, admitted in the courts of this State as evidence of the matters stated therein, subject to the provisions of Section 3."

Section 3 of the Article relates to notice and is not relevant here.

██ The notices or abstracts of judgments are certificates or reports made by public officers or employees. These certificates are "evidence of the matters stated therein," and the fact that they do not contain certain information which is immaterial to the point of inquiry will not render the recitations in the public report inadmissible in evidence.

Article 3731a is a statute of general application which was adopted in 1951. In discussing the enactment Professor Roy R.

Ray in 5 Southwestern Law Journal, 281, 386 (1951) said that:

"The real need for the new statute is to afford a simple and uniform procedure for proving the content of public records. We now have in our state government approximately 200 agencies, departments and institutions administered by some 140 boards or individuals. Most of these officials have special statutes providing that their official records, reports, returns, and certificates or certified copies thereof are admissible in evidence as prima facie proof of the matters therein stated. These numerous acts are scattered throughout the civil statutes and have no semblance of uniformity. It is piecemeal legislation in the wildest form. The new statute provides a single, simple procedure for making proof of the contents of any statement, certificate, record, return or report made by any state official in the performance of his duties. The same procedure with an additional safeguard is applicable to proof of records of the Federal Government or of another state or nation. The adverse party is protected against surprise by the provision for notice."

██ The purposes of the statute are not served by giving emphasis to immaterial matters. The suspension of a driver's license and the duration of the suspension are matters lying within the discretion of the Department of Public Safety. Texas Department of Public Safety v. King, Tex.Sup., 366 S.W.2d 215 (1963). The prerequisite to the exercise of this discretionary power is a proper showing that a license holder is an habitual violator of the traffic law, i.e., that he has been convicted of four moving traffic violations which violations occurred within a twelve month period. It is the convictions that are of importance and no substantial rights of the respondent were prejudiced by the use of the notices or abstracts to estab-

lish such convictions. If the notice of a conviction be inaccurate it may be corrected by the use of properly authenticated copies of the docket of the justice of the peace or the corporation judge as was done in Department of Public Safety v. Guleke, Tex.Civ.App., 366 S.W.2d 662, no wr. hist. (1963). In fact, the notices or abstracts may be corrected by either party but until corrective measures are taken, such notices or abstracts are to be accepted as evidence of "the matters stated therein."

Other matters brought forward in respondent's motion for rehearing need no further discussion. The motion for rehearing is overruled.