Guadalupe **HERNANDEZ**, Appellant,

v.

**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellee.**

**No. 4021.**

Court of Civil Appeals of Texas.

Eastland.

Nov. 26, 1965.

Rehearing Denied Dec. 17, 1965.

C. C. Divine, Houston, for appellant.

Joe Resweber, County Atty., Bruce D. Mosier, Asst. County Atty., Houston, for appellee.

COLLINGS, Justice.

This is a drivers license suspension case. On July 23rd, 1964, the Department of Public Safety ordered a three months suspension of the operators license previously issued to Guadalupe Hernandez, pursuant to a finding by the Corporation Court of Houston, Harris County that Hernandez was an habitual violator of the traffic laws of the State of Texas or a political subdivision. On July 30, 1964, Hernandez filed an appeal in the County Civil Court at Law Number 1. On March 18, 1965, a hearing was had upon the motion of the Department of Public Safety for a summary judgment. Hernandez did not appear at the hearing and after submission of the matter to the court the motion for a summary judgment was granted. Thereafter, Hernandez filed a motion for a new trial and, upon a hearing of that motion on April 16, 1965, it was overruled. Hernandez has appealed.

Appellant, Hernandez, urges points contending that the court erred: (1) in granting a summary judgment; (2) in overruling his motion for a new trial, and (3) in holding the traffic court records to be evidence of valid judgments of conviction.

The basis of appellant's contention under his first point complaining of the granting of the summary judgment is that "the facts pleaded and allegations of the Department" create many issues "upon which the minds of reasonable men might differ." In this connection appellant urges that the summary judgment is based upon the pleadings and that under all the pleadings, fact issues are presented for a trial on the merits. We cannot agree with appellant's apparent contention that the summary judgment complained of was granted on the pleadings alone, in violation of the provisions of Rule 166–A(c). Appellant filed an answer to the pleadings of the Department, urging that the Department had not presented a prima facie case by its motion for summary judgment. Appellant also alleged that he had appeared and en-

tered a plea of guilty upon only one of the offenses charged, and that he did not appear and plead guilty on the other three offenses.

The record shows that appellee's motion for a summary judgment was supported by affidavits and by four notices of conviction showing that appellant had plead guilty and had been found guilty of four moving violations of the traffic laws. Appellant's contention that the summary judgment was erroneous in that it was granted on appellee's pleadings alone, which were denied by appellant, is an incorrect interpretation of the record and is overruled.

In appellant's second and third points it is urged, in effect, that the record demonstrates that the allegations of the Department that appellant had been convicted of four violations of the traffic laws were false, and that the court erred in holding that the traffic court records were records of conviction. As grounds for this. contention appellant urges that the purported records of conviction are in fact not records of conviction by any judicial or mayor's court, but that such records reflect only the action of a clerk of a traffic court. Appellant's attorney testified that he represented appellant in three of the four cases in which the department contends there were judgments of conviction; that in each of such cases he, the attorney, appeared before a clerk of the Corporation Court and not before a Judge; that he gave the clerk of the court $10.00 in each of the cases, but that neither he nor the appellant appeared before a Judge in either case, and that he did not plead appellant guilty in absentia and did not agree to do so. Appellant's second and third points are not well taken and are overruled.

 The motion of the Department of Public Safety for summary judgment was supported by four notices of conviction as evidence of the fact that appellant was an habitual violator of the traffic laws. As pointed out by appellant these notices of conviction were certified to by a Deputy Clerk instead of by a Judge of the Corporation Court as provided for by Section 152 of Article 6701d, Vernon's Ann.Tex. Civ.St., it is held, however, that such notices of conviction are admissible as evidence because they are records or reports "made by an officer of this State or of any governmental subdivision thereof, or by his deputy, or person or employee" as contemplated by Section 1, of Article 3731a, V.A.T.C.S. See Texas Department of Public Safety v. Miller, (Sup.Ct.), 386 S. W.2d 760. The four notices of conviction relied upon by the Department reflect that appellant entered pleas of guilty and was found guilty in each of said cases in which he was charged with a moving violation of the traffic laws. In addition to the notices of conviction introduced by appellee, appellant introduced certified copies of the judgments in such cases and they, likewise, show that appellant entered pleas of guilty in such cases and that judgments of conviction were entered therein. Appellant sought to introduce evidence to the effect that in three of such cases neither he nor his attorney appeared before the court and entered pleas of guilty; that in such cases his attorney appeared before a Deputy Clerk of the Corporation Court, but did not appear before a Judge. Appellant contends that such evidence was admissible and tends to show that the purported convictions are not valid judgments of conviction as contemplated by the statutes as a prerequisite for revoking his drivers license. Appellant's contention in this respect is not well taken. Evidence tending to show the lack of a proper legal appearance by appellant or his attorney in such cases is contrary to the recitations in the notices of conviction and in the judgments themselves. Appellant's contention that by reason of such evidence the judgments in question are not legal convictions constitutes collateral attacks on said judgments. The attempted collateral attacks on the judgments are not permissible and the evidence in support thereof was not admissible. Appellant's contention to the contrary is overruled. Texas Department of

Public Safety v. Richardson, (Sup.Ct.), 384 S.W.2d 128; Texas Department of Public Safety v. Miller, (Sup.Ct.), 386 S. W.2d 760.

The judgment is affirmed.