Prentis COOPER, Appellant,

v.

TEXAS DEPARTMENT OF PUBLIC
SAFETY, Appellee.

No. 16649.

Court of Civil Appeals of Texas.
Dallas.

Dec. 3, 1965.

Rehearing Denied Dec. 24, 1965.

Daugherty, Bruner & Lastelick, Dallas,
for appellant.

Henry Wade, Dist. Atty., and John J.
Orvis, Asst. Dist. Atty., Dallas, for appel-
lee.

CLAUDE WILLIAMS, Justice.

This is an appeal from a judgment of the
County Court at Law No. 4, Dallas County,
Texas, affirming and upholding an order of
the Corporation Court of Dallas, Texas, that
appellant was an habitual violator of the
traffic laws of Texas, pursuant to Art.
6687b, Sec. 22(b), Subdivision 4, Vernon's
Annotated Texas Civil Statutes, and sus-
pending his driving privileges for a period
of one year.

During the *de novo* trial in the county
court at law, before the court without a
jury, appellee Texas Department of Public
Safety assumed the burden of proving that
appellant was an habitual violator within
the meaning of the statute by proving that
he had been convicted of four moving viola-
tions within a twelve-month period. These
convictions consisted of three convictions
for speeding and the fourth, a conviction
for "driving without lights" on September
7, 1963. Appellant Cooper did not attack
the three speeding violations but defended
his position in the county court at law
solely upon the proposition that the convic-
tion of September 7, 1963 was not for a
moving traffic violation within the contem-
plation of the statute. Appellant does not
deny that he was arrested on September 7,
1963 and that he paid a fine following con-

viction for an offense on that occasion but contents himself with a denial that such offense was a "moving violation" within the purview of the statute.

During the trial of the case appellant admitted that he was driving a motor vehicle on Harry Hines Boulevard in the City of Dallas, Texas at midnight on September 7, 1963 and that on that occasion he was arrested for driving without lights. He admitted that he was driving his automobile at the time of his apprehension and arrest but contended that he had on his "parking lights" instead of headlights. Police Officer Barnes of the Dallas Police Department testified that he arrested appellant about midnight on September 7, 1963 for driving his vehicle without lights. The trial court, in his findings of fact and conclusions of law, found *inter alia*, that appellant was convicted in the Corporation Court for committing a moving traffic violation on September 7, 1963, to-wit, driving without lights; that the violation was a moving traffic violation; that the attack made on the judgment of conviction was a collateral attack.

■ We find no legal basis for appellant's attack upon the trial court's judgment in this case. The trial court heard conflicting testimony relating to the facts surrounding the arrest and conviction of appellant on September 7, 1963. He resolved such conflict by finding that appellant's arrest and conviction was for a moving traffic violation within the meaning of the statute. There is ample evidence to support this finding and it will not be disturbed.

■ Moreover, appellant's attack upon the judgment of conviction complained of was a collateral attack in the county court at law. Such collateral attack is invalid. Texas Department of Public Safety v. Richardson, Tex.Sup.Ct., 384 S.W.2d 128; Texas Department of Public Safety v. Miller, Tex.Sup.Ct., 386 S.W.2d 760.

■ Appellant infers in his brief that the trial court should have determined the length of suspension in this case since the 59th Legislature amended the law providing that the court, upon appeal, may determine the length of suspension. Chapter 717, p. 1665, Acts of the 59th Legislature 1965. While it is true that the Act was amended the effective date of same was August 30, 1965. Judgment in this case was rendered May 3, 1965, which was prior to the effective date of such amendment.

We have carefully considered appellant's points and finding them to be without merit they are overruled and the judgment is

Affirmed.