Robert Columbus FOSTER, Appellant,

v.

TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellee.

No. 7556.

Court of Civil Appeals of Texas.

Amarillo.

Dec. 20, 1965.

Rehearing Denied Jan. 24, 1966.

J. Q. Warnick, Jr., Lubbock, for appellant.

Fred West, County Atty., Lubbock, for appellee.

NORTHCUTT, Justice.

This is a driver's license suspension case. Pursuant to the provisions of Vernon's Ann.Civ.St. Article 6687b as pleaded by Foster, hereinafter referred to as appellant, the Texas Department of Public Safety caused Robert Columbus Foster to appear before the Corporation Court of the City of Lubbock, Texas, petitioning said court for affirmative findings by the judge of said court that the appellant had committed an act calling for an automatic suspension of driver's license; that pursuant to said action taken by the judge of said court in which an affirmative finding was rendered in favor of the Department of Public Safety said Department of Public Safety did on or about September 30, 1964, issue its order to be effective the seventh day of October, 1964, suspending any and all commercial, operator's and chauffeur's license issued to appellant. From that order of suspension the appellant appealed to the County Court at Law No. 1, Lubbock County, Texas.

Texas Department of Public Safety, hereinafter referred to as appellee, answered in the County Court at Law No. 1 and moved for summary judgment on the ground that there was no genuine issue as to any material fact and that it was entitled to judgment as a matter of law. In said motion there were several reasons set out upon which the motion was based. Attached to the motion for summary judgment was an affidavit by the Deputy Custodian of Drivers' Records, Texas Department of Public Safety, showing appellant's traffic violations. The affidavit stated appellant had been convicted of four violations in a consecutive period of twelve months and each of the notices of conviction reflected that appellant was assessed and paid a fine and cost in each case and giving other facts as to why the Department was entitled to summary judgment.

The notices of conviction were not attached to the original motion for summary judgment nor the affidavit. Before a hearing was had on the motion for summary judgment the Department of Public Safety filed its supplemental motion for summary judgment in conjunction with the original motion for summary judgment by adding abstracts of judgment of convictions of Foster but did not swear to said supplemental motion. The original notices of conviction were attached to the pleadings herein by order of the trial court at the request of appellant. The notices of conviction gave the name and address of appellant; the number of his commercial operator's license; the registration number of the vehicle involved; the nature of the offense as speeding; the date of hearing; the plea; the judgment; and the amount of the fine. Article 6701d, Sec. 152.

■ The County Court at Law rendered judgment in favor of the Department of Public Safety cancelling the appellant's license. From that judgment the appellant perfected this appeal. By appellant's first point of error it is insisted that notices of conviction attached to the appel-

lee's supplemental motion for summary judgment could not have been considered by the trial court since no proper affidavit was attached to the supplemental motion identifying the notices as coming from the official records of the Texas Department of Public Safety.

Appellant did not in any manner deny he had been convicted and paid fines as contended in the motion for summary judgment. Neither did he contend or show he was unfairly surprised by the failure of the Department to attach the exhibits to the motion. Article 3731a, Sec. 3. Although no affidavit was attached to the supplemental motion and neither were the notices of conviction attached to the motion for summary judgment, the exhibits being the notices of conviction were introduced in evidence and we think such intrinsic evidence was admissible since appellant in no way denied the correctness and truthfulness of such instruments and did not even contend he was unfairly surprised as provided under said Article 3731a, Sec. 3.

■ The affidavit attached to the notice for summary judgment was made by the Deputy Custodian of Driver and Vehicle Records Division, Texas Department of Public Safety, and stated upon personal knowledge that the operating record of Robert Columbus Foster, the holder of Texas Commercial Operator's License No. 0157642, showed convictions for moving violations of the traffic laws of the State of Texas then sets out certain dates and counties where offenses were committed. Three of the offenses were listed as speeding and the fourth as failure to control speed. The affidavit further states that judgment of conviction had been entered against Foster for the above mentioned moving violations all of which were evidence by notice of conviction certified to the Department of Public Safety by the convicting courts in accordance with the law. The affidavit further stated that each of the notices of conviction reflected that Robert Columbus Foster was assessed and paid a fine for the moving violations showed

therein and that the four moving violations arose out of different transactions in a consecutive period of twelve months. If those statements were true and properly proven the Department would be authorized to cancel appellant's license. They are in no way denied in this record. Since the records of four convictions were shown there was no genuine issue as to any material fact. Cooley v. Texas Department of Public Safety, Tex.Civ.App., 348 S.W.2d 267; Wood v. Department of Public Safety, Tex.Civ.App., 311 S.W.2d 274.

■ The only objection that appellant made in the trial court as to the matters set out in the supplemental motion for summary judgment which sets out that on July 18, 1963, that the petitioner committed the offense of speeding in Barstow, Texas, was that there were no pleadings or affidavits that on such date the appellant committed the offense of speeding. It is true the affidavit for summary judgment showed the offense happening on July 18, 1963, was "failed to control speed." The notice of convictions introduced showed the offense on July 18, 1963, was speeding. It is stated in the case of Texas Department of Public Safety v. Miller, Tex., 386 S.W.2d 760, as follows:

"The purposes of the statute are not served by giving emphasis to immaterial matters. The suspension of a driver's license and the duration of the suspension are matters lying within the discretion of the Department of Public Safety. Texas Department of Public Safety v. King, Tex.Sup., 366 S.W.2d 215 (1963). The prerequisite to the exercise of this discretionary power is a proper showing that a license holder is an habitual violator of the traffic law, i. e., that he has been convicted of four moving traffic violations which violations occurred within a twelve month period. It is the convictions that are of importance and no substantial rights of the respondent were prejudiced by the use of the notices or ab-

stracts to establish such convictions. If the notice of a conviction be inaccurate it may be corrected by the use of properly authenticated copies of the docket of the justice of the peace or the corporation judge as was done in Department of Public Safety v. Guleke, Tex.Civ.App., 366 S.W.2d 662, no wr. hist. (1963). In fact, the notices or abstracts may be corrected by either party but until corrective measures are taken, such notices or abstracts are to be accepted as evidence of 'the matters stated therein.' "

We cannot say "failed to control speed" does not mean speeding. The affidavit of summary judgment referred to the offense as happening on July 18, 1963, and the notice of conviction attached to the record herein shows the offense happening on July 18, 1963, to be speeding. We cannot say the error, if any, was not corrected. Summary judgment is proper in a driver's license suspension case when no material issue is raised. Whittington v. Department of Public Safety, Tex.Civ.App., 342 S.W. 2d 374 (N.R.E.); Texas Department of Public Safety v. Miller, supra. Where a party's motion for summary judgment has support in extrinsic evidence which will sustain his contention that there is no genuine issue of fact, the other party should be required to come forward with more than a mere denial pleading, even a sworn one, in order to overcome the force of the motion. Savoy v. Graham Memorial Auditorium Ass'n, Inc., Tex.Civ.App., 329 S.W.2d 352. Appellant's first point of error is overruled.

■ By appellant's second point of error it is contended that the notices of conviction designate the convicted party as the holder of an operator's license when appellant was the holder of a commercial operator's license and therefore such notices would not have been admissible against this appellant. Appellant states in his brief that he requested the trial court to send to this court the actual and original notices of con-

viction. The trial court entered its order sending the original notices of conviction to this court. Such order and notices of conviction were in the transcript. All of said notices designated the convicted party as the holder of a commercial operator's license No. 0157642 and all other matters as required under Article 6701d, Sec. 152. Appellant's second assignment of error is overruled.

As held in the case of Texas Department of Public Safety v. Miller, supra, it is stated:

"It is the convictions that are of importance and no substantial rights of the respondent were prejudiced by the use of the notices or abstracts to establish such convictions."

Especially since appellant in no way denied his guilt as alleged and shown in this record and neither did he controvert the motion for summary judgment by affidavit, we do not think the irregularities, if any, relied upon herein are such as to prejudice the rights of appellant as four convictions were shown. We have carefully considered all of appellant's assignments of error and overrule all of them.

Judgment of the trial court is affirmed.