The HAMBY COMPANY, Appellant,

v.

Glen PALMER, Appellee.

No. 9334.

Court of Appeals of Texas, Amarillo.

March 31, 1982.

White, Self, Davenport & Bass, Bob Bass, Plainview, for appellant.

Before REYNOLDS, C. J., and DODSON and COUNTISS, JJ.

COUNTISS, Justice.

This dispute between an employer and its former employee presents two questions: (1) Is the evidence factually and legally sufficient to support an award of $243.90 to the former employee, appellee Glen Palmer (hereafter "Palmer"), as payment for vacation time earned but unused when he was discharged by his employer, appellant The Hamby Company (hereafter "Hamby"), and (2) Is Palmer entitled to recover $200 in attorney's fees in the county court when he did not seek attorney's fees in the justice court where this case originated? We answer the first question "yes," and the second question "no." Accordingly, we affirm in part and reverse and render in part.

 We will first dispose of the evidentiary sufficiency questions. By its first two points of error, Hamby attacks the legal sufficiency of the evidence to support the award of vacation pay and, by its third point of error, attacks the factual sufficiency thereof. The legal sufficiency points present a question of law that requires the appellate court to consider only the evidence and inferences tending to support the finding under attack and disregard all evidence and inferences to the contrary. *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex.1965). The factual insufficiency point, on the other hand, invokes a broader consideration which requires this court to consider all of the evidence in order to determine whether the evidence supporting the finding is so weak, or the evidence to the contrary so overwhelming that the finding should be set aside and a new trial ordered. *Id.*

The evidence pertinent to the questions under consideration is as follows. Palmer, in response to a newspaper advertisement, applied for employment and was hired by Hamby as a welder. When he was interviewed by the personnel manager, Hamby testified that the following conversation occurred:

Q All right. And then what else did he tell you that you would get if you went to work for the Hamby Company?

A Well, after ninety days we would be paid holiday pay for certain holidays, and they had them in the manual, and read off which holidays we would be paid for, and *after a year of employment we would be paid for a week's vacation.* And he went on to state that, like, after two years, you would be two weeks and like that.

Q He described the vacation arrangement to you?

A Yes, sir.

Q Did he say that that was a part of your employment compensation?

A Yes, sir.

[Emphasis added.]

Palmer worked for Hamby approximately 13 months. When he was discharged because of economic conditions, he had not taken any paid vacation time. However, his request to be paid for the week of vacation time he had earned was denied.

Hamby's witnesses testified that it was against company policy to pay a terminated employee for vacation time. During the time Palmer was employed, the company closed for a week in July and a week in December and those employees entitled to paid vacations were expected to take them at that time. Palmer had not been employed long enough to receive a paid vacation during those closings and was discharged before the next vacation closing period arrived.

A company policy manual given to Palmer when he was employed confirms his understanding that he had earned a week's paid vacation. The manual further states, "All vacations must be paid during the fiscal year that is intended. If the company chooses to close down one or two weeks completely, each employee is required to take this close-down time as a vacation." The manual does not specifically address the question of payment for earned vacation time upon discharge.

After the company refused to pay Palmer for the vacation time, he sued it successfully in justice court. The company appealed to the county court, and Palmer was again the victor, in a jury trial de novo.

■ Applying the proper evidentiary review tests to the foregoing summary, it is apparent that the evidence is sufficient to support the verdict. Palmer testified he was told by the company personnel manager that "after a year of employment we would be paid for a week's vacation." That statement, if true, was one of the terms of the employment contract, *see Marine Inspection Serv., Inc. v. Alexander*, 553 S.W.2d 185, 188 (Tex.Civ.App.—Houston [1st Dist.] 1977, no writ), and it entitled Palmer to the pay he sought. The jury verdict is, in practical effect, a finding that the statement was true and we cannot disturb that finding. *Fidelity & Casualty Co. v. Maryland Casualty Co.*, 151 S.W.2d 230, 232 (Tex.Civ.App.—San Antonio 1941, no writ). Points of error one, two and three are overruled.

The second question before us, raised by Hamby's fourth point of error, is whether Palmer is entitled to recover attorney's fees in the county court. Palmer represented himself in the justice court and did not seek attorney's fees in his pleadings. When Hamby appealed to the county court, Palmer employed an attorney who amended the pleadings, requested attorney's fees and tried the case for Palmer. The judgment awards Palmer $200 in attorney's fees. Hamby says Palmer is not entitled to recover attorney's fees in the county court if he did not seek them in the justice court. We agree.

Rule 590, Tex.R.Civ.P., states:

Either party may plead any new matter in the county or district court which was not presented in the court below, *but no new ground of recovery shall be set up by the plaintiff*, nor shall any set-off or counterclaim be set up by the defendant which was not pleaded in the court below. . . . [Emphasis added.]

The rule, although set out in a section of the Rules dealing with certiorari proceedings, also applies to appeals from justice court to higher courts. *Blanton & Nunnally v. J. L. Langston & Co.*, 60 Tex. 149 (1883); *Brown v. Reed*, 62 S.W. 73, 74 (Tex. Ct.App.1901). As is apparent, the rule permits a "new matter" but prohibits a new "ground of recovery."

We do not find a decision holding that attorney's fees are a ground of recovery under Rule 590. However, Rule 279, Tex.R. Civ.P., also uses the phrase and attorney's fees are considered a ground of recovery under that rule. *See, e.g., Wilie v. Montgomery Ward & Company*, 291 S.W.2d 432, 438 (Tex.Civ.App.—Waco 1956, no writ).

We conclude that the same interpretation is required here. A ground of recovery is, among other things, an allegation that serves as the basis for obtaining additional sums of money or other affirmative relief. *See Page v. Lockley,* 176 S.W.2d 991, 994–95 (Tex.Civ.App.—Eastland 1943), rev'd on other grounds, 142 Tex. 594, 180 S.W.2d 616 (1944). That was, of course, the purpose and effect of the new pleading seeking attorney's fees. Accordingly, Palmer impermissibly pled a new ground of recovery not previously advanced in the justice court and the award based on that new pleading cannot stand. *See Hendricks v. Cameron,* 3 Wilsons § 261 (Tex.Ct. App.1887).

We recognize that, under the facts of this case, a pro se litigant is placed in an unfortunate position. The litigant cannot obtain attorney's fees in the justice court because he or she is not represented by an attorney. Tex.Rev.Civ.Stat.Ann. art. 2226 (Vernon Supp.1981). However, by failing to request attorney's fees in the justice court, the litigant loses the right to obtain that relief in later stages of the litigation when an attorney is employed. Neither is the cause of action for attorney's fees severable. *Jon-T Farms, Inc. v. Goodpasture, Inc.,* 554 S.W.2d 743, 752 (Tex.Civ.App.—Amarillo 1977, writ ref'd n.r.e.). The rule contains no exception, however, and this court cannot judicially create one. Ground of error four is sustained.

That portion of the judgment awarding Palmer $200 as attorney's fees is reversed and judgment is here rendered that Palmer not recover any attorney's fees. In all other respects, the judgment is affirmed. Costs are divided equally between the parties.