**Jerry Lee SHEDROCK, Appellant,**

v.

**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellee.**

**No. 04–84–00290–CV.**

Court of Appeals of Texas, San Antonio.

Oct. 30, 1985.

---

Gary Pinnell, San Antonio, for appellant.

Stan Reid, Susan Hendricks, Atty. Gen.'s Office, Austin, for appellee.

Before ESQUIVEL, CANTU, and DIAL, JJ.

## OPINION

DIAL, Justice.

This is an appeal from a judgment rendered March 20, 1984 by Bexar County Court at Law Number One, suspending the

driver's license of appellant, Jerry Lee Shedrock. The suspension was for a period of six months.

On October 21, 1981, the Texas Department of Public Safety filed an administrative petition in the San Antonio Municipal Court, alleging that Shedrock was a habitual violator of traffic laws since he had been convicted of four violations within a 12 month period, as set forth in art. 6687b § 22(b)(4) of the Revised Statutes. The Department offered evidence of four separate speeding convictions ("green sheets," which were duplicates of the notices of conviction) and alleged that art. 6687b § 22(b)(4) required that Mr. Shedrock's license be suspended. The municipal court conducted a hearing and ordered a six month suspension and probated the sentence.

Shedrock appealed his case and it was heard as a trial de novo in County Court at Law Number One. In the county court trial, the Department introduced evidence of an additional conviction which had occurred in Brooks County during the same 12 month period. The county court admitted this evidence and affirmed the municipal court decision.

Shedrock has perfected this appeal, asserting 11 points of error and raising several different evidentiary challenges.

First, he claims that the county court erred in admitting evidence of the Brooks County conviction because this evidence was not presented in the municipal court and could not be offered for the first time on appeal. He also claims that the notices of conviction, Exhibits 1–5, should have been excluded because they were not kept in conformity with the Official Records Act (art. 3731a) or the Business Records Act, and that the notices constituted inadmissible hearsay. Finally, Shedrock claims that a computer summary of his driving record, Exhibit 6, was improperly admitted into evidence because it was not supported by the actual records used to compile the summary. He asserts, based upon the foregoing arguments, that the license suspension was reversible error since it was based

on no evidence or, alternatively, insufficient evidence.

■■■ We find that the introduction of the Brooks County conviction, which was introduced for the first time on appeal, was proper and in compliance with the Rules of Procedure. Rule 590 states:

Either party may plead any new matter in the county or district court which was not presented in the court below, but no new ground of recovery shall be set up by the plaintiff, nor shall any set-off or counterclaim be set up by the defendant which was not pleaded in the court below. TEX.R.CIV.P. 590.

The wording of this rule and case law interpreting it clearly allow the introduction of new evidence at a trial de novo, which pertains to the original cause of action, so long as it does not introduce a new ground of recovery. *S.S. White Dental Manufacturing Co. v. Hertzberg*, 92 Tex. 528, 50 S.W. 122, 123 (1899) (based upon Art. 1293, the forerunner to rules 590 and 591); *Hamby Co. v. Palmer*, 631 S.W.2d 589, 591 (Tex.App.—Amarillo 1982, no writ). A "new ground of recovery" pertains to an allegation that serves as a basis for obtaining additional sums of money or other forms of affirmative relief not asserted at the original trial. *Hamby Co. v. Palmer*, 631 S.W.2d at 592. In the present case, the Department's cause of action is based upon the violation of art. 6687b § 22(b)(4), the "habitual violator" statute. The department in no way changed its legal theory or basis for judgment. The relief requested, the suspension of Shedrock's license under art. 6687b, was identical both at the municipal level and in the county court, and the added evidence was supported by the Department's pleadings. Shedrock's first point of error is overruled.

He next challenges the notices of conviction and asserts that these "green sheets" were inadmissible hearsay evidence and were not maintained in conformity with the Official Records Act and the Business Records Act, nor with art. 6701d § 152(f) and § 152(c). His main complaint is that the records did not contain his vehicle reg-

istration number nor the judgments upon which the convictions were based, as required in art. 6701d § 152(c). It is important to note that Shedrock made no objection as to the *form* of the notices at trial, especially with regard to the omissions he complains of on appeal. In order to preserve error, a specific objection to admissibility must be made at the trial level. *Matter of Bates*, 555 S.W.2d 420, 432 (Tex. 1977). A "specific objection" is one which enables the trial court to understand the precise question and make an intelligent ruling, affording the offering party an opportunity to remedy the defect if possible. *Texas Municipal Power Agency v. Berger*, 600 S.W.2d 850, 854 (Tex.Civ.App.—Houston [1st Dist.] 1980, no writ); *Wilkins v. Royal Indemnity Co.*, 592 S.W.2d 64, 68 (Tex.Civ.App.—Tyler 1979, no writ); *University of Texas System v. Haywood*, 546 S.W.2d 147, 150 (Tex.Civ.App.—Austin 1977, no writ). Shedrock's objection was based upon a general hearsay argument and "lack of foundation" under 3731a. He did not mention Articles 6701b and 6701d as a basis for excluding the evidence and should have done so at the trial level.

■ In any event, we find that current statutes and case law require that we uphold the county court's finding that the notices were admissible. They were in substantial compliance with art. 6701d § 152, and this is all that the law requires. *Texas Department of Public Safety v. Richardson*, 384 S.W.2d 128, 130 (Tex.1964). Additionally, 6701d § 152 does not require the original notices. In fact, art. 6687b § 21(i) provides that the Director of the Department "may substitute either microfilm or computer records in lieu of hard copies" of required records. TEX.REV.CIV.STAT. ANN. art. 6687b § 21(i) (Vernon 1977). There is no question as to their trustworthiness since the notices offer only two alternatives—either that a plea of guilty was entered or that a fine was administered. Article 6687b § 25(c) stipulates that a fine or forfeiture is equivalent to a conviction. TEX.REV.CIV.STAT.ANN. art. 6687b § 25(c) (Vernon 1977).

■ In a similar vein, the failure of State's Exhibit 1 to state the type of judgment rendered and the vehicle registration number is immaterial. The fact that conviction notices do not contain certain information will not render them inadmissible, if the information is not relevant or material to the point of inquiry. *Texas Department of Public Safety v. Miller*, 386 S.W.2d 760, 763 (Tex.1964). The subject of inquiry in the present case is the fact of the conviction, not the type of judgment nor the registration number of Shedrock's vehicle, and the conviction is clearly depicted on the face of the notice. Notices of conviction constitute *prima facie* evidence of the contents of the judgment, so the absence of immaterial information is of no consequence when this *prima facie* proof is not overcome. *Texas Department of Public Safety v. Casselman*, 417 S.W.2d 146, 149 (Tex.1967). At no time has Shedrock challenged the validity of the convictions, nor has he offered evidence to rebut the Department's *prima facie* showing through the notices of conviction.

Shedrock also argues that the notices were not kept in compliance with the Official Records Act, art. 3731a. (The fact that the records were not kept in compliance with the Business Records Act, as alleged in Shedrock's brief, is of no consequence since the notices were offered as *official* records.) Art. 3731a § 1 states:

> Any written instrument, certificate, record, part of record, return, report, or part of report, made by an officer of this State or of any governmental subdivision thereof, or by his deputy, or person or employee under his supervision, in the performance of the functions of his office and employment, shall be, so far as relevant, admitted in the courts of this State as evidence of the matter stated therein. TEX.REV.CIV.STAT.ANN. art. 3731a (Vernon Supp.1985).

■ Under this provision, the trial court properly admitted the notices of conviction into evidence. Such notices are admissible since they are certificates or reports made by an officer of the state or governmental

subdivision in the performance of the function of his office. *Texas Department of Public Safety v. Casselman,* 417 S.W.2d 146, 149 (Tex.1967). The fact that the green sheets used by the Department were duplicates does not render them violative of art. 3731a. The purpose of the Official Records Act is to provide a single simple procedure for proving the contents of official records made by any state official in the performance of his duties, and providing the duplicate notices was the most expedient procedure available to the clerk. *See Texas Department of Public Safety v. Miller,* 386 S.W.2d 760, 763 (Tex.1964).

Shedrock also complains that the notice in Exhibit 1 was not supported by a custodian's affidavit. Article 3731a only requires that the notice be authenticated, and this is shown on the face of the exhibit in the certification by the magistrate. Notices of conviction need not be supported by a custodian's affidavit. *See Foster v. Texas Department of Public Safety,* 398 S.W.2d 836, 838 (Tex.Civ.App.—Amarillo 1966, no writ). Points 2 and 4 through 9 are overruled.

Shedrock next argues that the trial court improperly allowed a computer summary of his driving record as evidence to support the judgment. We decline to review this point, since exhibits 2–5 support the judgment and any error, if any, would be harmless. Points 3 and 6 are overruled.

Finally, Shedrock raises no evidence and insufficient evidence points of error. In reviewing a no evidence point, we must look only to evidence supporting the judgment in its most favorable light and reject any evidence or inference to the contrary. *Garza v. Alviar,* 395 S.W.2d 821, 823 (Tex.1965). In considering an insufficient evidence point, we must review the entire record and reverse only if the evidence is insufficient to support the finding of a vital fact, or if it is against the great weight and preponderance of the evidence. *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660, 661 (1951). Under either analysis Shedrock's claim fails since the notices of conviction provided the neces-

sary evidence to support the trial court's judgment, as discussed above. Points 10 and 11 are overruled.

The judgment of the municipal court and the county court at law is affirmed.

CANTU, J., concurs without opinion.