Honorable Randy Sikes Brown County Attorney Courthouse Brownwood, Texas 76801
Re: Effect of 1985 amendment to article 27.14, Code of Criminal Procedure, on traffic cases in justice of the peace courts (RQ-1115)
Dear Mr. Sikes:
The questions you ask relate to the use of a written notice of a traffic violation serving as a complaint in justice court under the conditions set forth in article 27.14 of the Code of Criminal Procedure. Article 27.14 provides as follows:
 (a) A plea of `guilty' or a plea of `nolo contendere' in a misdemeanor case may be made either by the defendant or his counsel in open court; in such case, the defendant or his counsel may waive a jury, and the punishment may be assessed by the court either upon or without evidence, at the discretion of the court.
 (b) A defendant charged with a misdemeanor for which the maximum possible punishment is by fine only may, in lieu of the method provided in Subsection (a) of this article, mail to the court a plea of `guilty' or a plea of `nolo contendere' and a waiver of jury trial. The defendant may also request in writing that the court notify the defendant, at the address stated in the request, of the amount of an appeal bond that the court will approve. If the court receives a plea and waiver before the time the defendant is scheduled to appear in court, the court shall dispose of the case without requiring a court appearance by the defendant. The court shall notify the defendant by certified mail, return receipt requested, of the amount of any fine assessed in the case and, if requested by the defendant, the amount of an appeal bond that the court will approve. The defendant shall pay any fine assessed or give an appeal bond in the amount stated in the notice before the 31st day after receiving the notice.
 (c) In a misdemeanor case arising out of a moving traffic violation for which the maximum possible punishable [sic] is by fine only, payment of a fine, or an amount accepted by the court constitutes a finding of guilty in open court, as though a plea of nolo contendere had been entered by the defendant.
 (d) If written notice of a traffic violation for which maximum possible punishment is by fine only or of a violation relating to the manner, time, and place of parking has been prepared, delivered, and filed with the court and a legible duplicate copy has been given to the defendant, the duplicate copy serves as a complaint to which the defendant may plead `guilty,' `not guilty,' or `nolo contendere.' If the defendant pleads `not guilty' to the offense, a complaint shall be filed that conforms to the requirements of Article 45.01, Code of Criminal Procedure, 1965, and that complaint serves as an original complaint. A defendant may waive the filing of a sworn complaint and elect that the prosecution proceed on the written notice of the charged offense if the defendant agrees in writing with the prosecution, signs the agreement, and files it with the court. (Emphasis added.)
Your concern appears to be directed to the use of the duplicate copy of the notice as a complaint in justice court following the entry of a plea of guilty or nolo contendere to a moving traffic violation pursuant to section (d) as amended by Senate Bill 392, Acts 1985, 69th Leg., ch. 87, at 514, effective September 1, 1985.
You ask the following questions:
1) Does S.B. 392 apply to Justice Courts or only Municipal Courts?
 2) If S.B. 392 applies to Justice Courts, are any requirements necessary to charge an offense?
3) Must the ticket be sworn in order to be used as a complaint?
 4) What language is necessary on the ticket for it to be a valid complaint?
5) Should the ticket include any of the following:
a) in the name and by the authority of the State
 b) Before me the undersigned authority on this day personally appeared your affiant who after being by me first duly sworn says upon his oath that he has good reason to believe and does believe ___
 c) did then and there operate and drive a vehicle ___ upon a public street or highway of Texas
d) ___ the unreasonable, imprudent and unlawful speed
 e) ___ which was then and there a speed greater than was reasonable and prudent under the conditions then existing ___
f) the prima facie reasonable and prudent speed was ___
g) against the peace and dignity of the State
 6) Will habitual violator cases have to be dismissed in an administrative hearing on the argument that a conviction cannot be used because of a lack of complaint or a fundamentally defective complaint due to the use of the ticket as a complaint without any charging material?
 7) If the statute applies to Justice Courts and a complaint needs to be made on a plea of not guilty, should the complaints comply with article 45.01 or 45.15?
A review of the history of instruments charging violations in criminal cases in this state is relevant to a determination of the issues you have presented.
Prior to its amendment on November 5, 1985, section 12 of article V of the Texas Constitution provided:
 Sec. 12. All judges of courts of this State, by virtue of their office, be conservators of the peace throughout the State. The style of all writs and process shall be, `The State of Texas.' All prosecutions shall be carried on in the name and by authority of the State of Texas, and shall conclude: `Against the peace and dignity of the State.'
After the adoption of the 1985 amendment, section 12 of article V states as follows:
 Judges to be conservators of the peace; indictments and informations.
 (a) All judges of courts of this State, by virtue of their office, are conservators of the peace throughout the State.
 (b) An indictment is a written instrument presented to a court by a grand jury charging a person with the commission of an offense. An information is a written instrument presented to a court by an attorney for the State charging a person with the commission of an offense. The practice and procedures relating to the use of indictments and informations, including their contents, amendment, sufficiency, and requisites, are as provided by law. The presentment of an indictment or information to a court invests the court with jurisdiction of the cause.
The bill analysis to S.J.R. 16 proposing the 1985 amendment contains the following comment:
 By omitting the Constitutional language in an indictment, this bill allows for fewer technical conviction reversals if it has been mistakenly omitted from an indictment or information. In addition, the language of an indictment, and other requisites will be amendable by the legislature as the needs of the criminal justice system change. Thereby speeding the trial process and avoiding reversals of cases for mere technicalities that do not affect the substantive rights of defendants. (Emphasis added.)
 Bill Analysis to S.J.R. No. 16, 69th Leg. (1985), on file in Legislative Reference Library.
 The 1985 amendment omitted the requirement "all prosecutions shall be carried on in the name and by the authority of the State of Texas, and shall conclude, `against the peace and dignity of the State'." (Emphasis added.)
The courts prior to the 1985 amendment had held that if the foregoing beginning and conclusion were omitted the charging instrument was void. Daniels v. State, 573 S.W.2d 21
(Tex.Crim.App. 1978). The courts reasoned that such omissions were violative of a constitutional mandate and resulted in a void charging instrument. It was held that such a fundamentally defective instrument failed to invoke the jurisdiction of the court. Bruce v. State, 622 S.W.2d 624 (Tex.App.-Amarillo 1981, no writ). The omission of these requirements in the 1985 amendment obviated the constitutional requirement that such language appear in all instruments charging a criminal offense.
In Wilson v. State, 224 S.W.2d 234, 237 (1949) the Court of Criminal Appeals stated, "The jurisdiction of the court is a matter of statutory enactment and authority must be found not only to hear the matter, but also to dispose of the same." The 1985 amendment to section 12 of article V, clearly provides the practice and procedure relating to indictments and information and the sufficiency of their contents are as provided by law. While complaints were not mentioned, absent a constitutional mandate to the contrary, the practice and procedure relating to complaints and the sufficiency of their contents is a matter for the legislature. In article 27.14 section (d) of the Code of Criminal Procedure, the legislature has provided for a limited use of the notice of the violation to serve as a complaint in pleas of guilty and nolo contendere in traffic and parking violations where the maximum possible punishment is by fine only. Article 6701d, section 148, V.T.C.S., sets forth the requirements for notices in traffic violations, as follows:
 (a) Whenever a person is arrested for any violation of this Act punishable as a misdemeanor, and such person is not immediately taken before a magistrate as hereinbefore required, the arresting officer shall prepare in duplicate written notice to appear in court containing the name and address of such person, the license number of his vehicle, if any, the offense charged, and the time and place when and where such person shall appear in court. (Emphasis added.)
In response to your questions numbered "2" through "5," the requisites of a complaint under the limited conditions provided in section (d) of article 27.14 of the Code of Criminal Procedure are the requirements for a notice set forth in article 6701d, section 148, V.T.C.S.
Your first question relative to whether this provision applies to justice courts appears to have been prompted by the requirement that a complaint be filed conforming to article 45.01, Code of Criminal Procedure, in the event a defendant enters a plea of not guilty and the fact that prior to amendment, section (d) of article 24.17 applied only to parking offenses, violations which commonly occur within the corporate limits of a city. Article 45.01 sets forth the requirements for a complaint in the corporation court. Section (d) in addressing the circumstances in which the notice of violation might be used as a complaint did not limit its use to the corporation court. No other legislation at that or the subsequent 70th Legislature addressed this question. Thus, it is the latest statute of enactment. See Gov't Code § 311.025(a). In Vallejo v. State, 408 S.W.2d 113
(Tex.Crim.App. 1966), the court found that article 45.17
of the Code of Criminal Procedure, providing that a defendant shall not be discharged by reason of an informality in a complaint, applied to the corporation court despite the fact that only the justice court was mentioned in the statute. Undoubtedly, the court's rationale in Vallejo was based on the fact that the charging instrument in both justice and corporation courts is the complaint. That same rationale would appear to be more applicable in the instant case where the legislature has not expressed any intention to limit the procedure outlined for pleas of guilty and nolo contendere to the corporation court. Article 27.14, section (d), Code of Criminal Procedure, applies to both justice and municipal courts.
In your question numbered "6" you ask if convictions alleged in a habitual violator case will withstand attack in an administrative hearing where it is contended "that a conviction cannot be used because of the lack of a complaint or a fundamentally defective complaint due to the use of the ticket as a complaint?" You undoubtedly are making reference to the procedure outlined in section 22 of article 6687(b), V.T.C.S., providing for a hearing to determine whether a recommendation is to be made to the Director of the Department of Public Safety for suspension of the operator's driver's license for a period of not more than one year. Subsection (b) of section 22 sets forth the circumstances under which a suspension is authorized. One of the conditions under which a suspension recommendation is authorized is where the operator "is a habitual violator of the law," defined in subsection (b)(4) as follows:
 The term `habitual violator' as used herein, shall mean any person with four (4) or more convictions arising out of different transactions in a consecutive period of twelve (12) months, or seven (7) or more convictions arising out of different transactions within a period of twenty-four (24) months. (Certain named violations are specifically excluded.)
In Texas Department of Public Safety v. Casselman, 417 S.W.2d 146
(1967), the Texas Supreme Court addressed the question of attacking prior convictions alleged in a section 22, article 6687(b) habitual violator proceeding. In Casselman, the court stated in relevant part as follows;
 `[I]t should be made abundantly clear that in this case we are not concerned with criminal penalties but rather with an administrative and regulative power vested in the Texas Department of Public Safety which power has for its purpose the protection of the lives and property of those using the highways. A driver's license is not suspended for the purpose of visiting additinal punishment upon an offender but in order to protect the public against incompetent and careless drivers. . . .' [Texas Department of Public Safety v. Richardson, 384 S.W.2d 128 (Tex. 1964)]
 Cases in which criminal punishments or enhancements of criminal punishment are sought to be avoided by attacks in courts having criminal jurisdiction are not apposite here. This is not a criminal case but one to determine whether a party's privilege to drive a motor vehicle over the highways of Texas should be suspended in the interest of public safety. It may be that if a jail sentence were assessed because of the violation of a traffic safety rule, and a defendant could show upon the trial that he neither appeared in person nor by attorney, he could secure his release by writ of habeas corpus issued by a court of proper jurisdiction, but such circumstance does not bear upon the issue involved in a driver's license suspension case.
 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
 Although the record supporting a judgment may carry the seeds of infirmity that prove fatal to the judgment when exposed upon a direct attack or in a habeas corpus proceeding, it cannot be said that any and all persons may ignore the judgment before it is pronounced invalid or void by proper authority. In this case, the County Judge was not considering a direct attack or conducting a habeas corpus hearing and was no more authorized to ignore the judgments of convictions than would a prison warden be justified in discharging a prisoner before the judgment convicting such prisoner had been declared invalid by a court of competent jurisdiction. There are proper methods and competent tribunals to accomplish the destruction of judgments, but a collateral attack in a proceeding such as this is not one of them.
 Apparently the petitioners here did not take the trouble to contest the charges made against them in the criminal courts but contented themselves with paying comparatively small fines and allowing judgments of conviction to be entered against them. Then, based upon the record thus made or which they allowed to stand, they now seek to make the convenience afforded them a ground for attacking the judgments of convictions rendered against them.
 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
 The abstracts of judgments provided for by Article 6701d, § 152, are admissible in evidence under the provisions of Article 3731a, V.T.C.S., as they are certificates or reports made by an officer of this state or a governmental subdivision thereof in the performance of the functions of his office. See Texas Department of Public Safety v. Richardson, supra, and authorities therein cited. Such abstracts of judgments, which are quite generally referred to as notices of conviction, purport to be statements of information disclosed by the record which the judge or magistrate is required to keep. They constitute prima facie evidence of the contents of a judgment. However, as we stated in Texas Department of Public Safety v. Miller, Tex., 386 S.W.2d 760.
 `If the notice of a conviction be inaccurate it may be corrected by the use of properly authenticated copies of the docket of the justice of the peace or the corporation judge as was done in Department of Public Safety v. Guleke, Tex. Civ. App. 366 S.W.2d 662, no wr. hist. (1963). In fact, the notices or abstracts may be corrected by either party. But until corrective measures are taken, such notices or abstracts are to be accepted as evidence of `the matters stated herein.' (Emphasis added.)
417 S.W.2d at 147.
The use of the duplicate traffic violation notice as a complaint pursuant to section (d) of article 27.14 of the Code of Criminal Procedure, cannot be attacked in an administrative proceeding brought in an article 6687(b), V.T.C.S., proceeding to suspend an operators license in a "habitual violator" case. Casselman provides that the abstracts of judgments and notices of convictions may be corrected if inaccurate, otherwise they are to be accepted as evidence of the matters stated therein. It will be assumed that a direct attack is not made upon the use of such a charging instrument since a conviction can only be had under section (d) where the plea is guilty or nolo contendere. You do not ask nor do we explore any possible attacks which may be made upon the conviction in an appeal in the criminal context or by way of habeas corpus. Any such determination would necessarily have to be made on a case-by-case basis.
In your question numbered "7" you ask if the complaint should comply with article 45.01 or article 45.15 of the Code of Criminal Procedure in the event the defendant enters a plea of "not guilty." Article 45.01 contains the requirements for a complaint in corporation court and provides
 Proceedings in a corporation court shall be commenced by complaint, which shall begin: `In the name and by authority of the State of Texas'; and shall conclude: `Against the peace and dignity of the State'; and if the offense is only covered by an ordinance, it may also conclude: `Contrary to the said ordinance.' The recorder shall charge the jury when requested in writing by the defendant or his attorney. Complaints before such court may be sworn to before any officer authorized to administer oaths or before the recorder, clerk of the court, city secretary, city attorney or his deputy, each of whom, for that purpose, shall have power to administer oaths. (Emphasis added.)
Article 45.15 does not relate to the requirements for a complaint. Articles 45.16 and 45.17 of the Code of Criminal Procedure address the matter of the allegations which must appear in a complaint in justice court. Article 45.16 provides as follows:
 Upon complaint being made before any justice of the peace, or any other officer authorized by law to administer oaths, that an offense has been committed in the county which a justice of the peace has jurisdiction finally to try, the justice or other officer shall reduce the same to writing and cause the same to be signed and sworn to by the complainant. It shall be duly attested by the officer before whom it was made; and when made before such justice, or when returned to him made before any other officer, the same shall be filed by him. (Emphasis added.)
Article 45.17 states as follows:
Such complaint shall state:
 1. The name of the accused, if known, and if unknown, shall describe him as accurately as practicable;
 2. The offense with which he is charged, in plain and intelligible words;
 3. That the offense was committed in the county in which the complaint is made; and
 4. It must show, from the date of the offense stated therein, that the offense is not barred by limitation.
Article 27.14, section (d), Code of Criminal Procedure, is unambiguous in its requirement that the complaint conform to the requirements of article 45.01. It should be noted that, despite the fact that the 1985 amendment to section 12 of article V of the constitution omitted the requirement that all prosecutions contain the formal beginning and conclusion, article 45.01 has not been amended to remove these requirements. While section (d) of article 27.14 states that upon a plea of "not guilty" a complaint conforming to article 45.01 shall be filed, a safer practice in the justice court would be to exercise care that the complaint meets the requirements of the three statutes relating to the requisites of complaints in both justice and corporation courts.
Section (d) of article 27.14 of the Code of Criminal Procedure (as amended by S.B. 392, Acts 1985, 69th Leg., ch. 87, at 514, effective September 1, 1985), applies to justice and corporation courts. When the conditions imposed by section (d) for use of a duplicate of the notice as a complaint are met, such notice shall conform to the requirements of section 148 of article 6701d, V.T.C.S. Prior convictions alleged in a habitual traffic violator administrative proceeding held pursuant to section 22 of article 6687(b), V.T.C.S., cannot be attacked on the basis that such convictions are based on a traffic violation notice which serves as a complaint pursuant to section (d) of article 27.14. While section (d) of article 27.14 states that upon a plea of "not guilty" a complaint shall be filed conforming to article 45.01, a safer practice in the justice court would be to exercise care that the complaint conforms to all of the requirements set forth in articles 45.01, 45.16 and 45.17 of the Code of Criminal Procedure.
 SUMMARY
Section (d) of article 27.14 of the Code of Criminal Procedure (as amended by S.B. 392, Acts 1985, 69th Leg., ch. 87, at 514, effective September 1, 1985) applies to justice and corporation courts. When the conditions imposed by section (d) for use of the notice as a complaint are met, such notice shall conform to the requirements of section 148 of article 6701d, V.T.C.S. Prior convictions alleged in a habitual traffic violator administrative proceeding held pursuant to section 22 of article 6687(b), V.T.C.S., cannot be attacked on the basis that such convictions are based on a traffic violation notice which serves as a complaint pursuant to section (d) of article 27.14. While section (d) of article 27.14 states that upon a plea of "not guilty" a complaint shall be filed conforming to article 45.01, a safer practice in the justice court would be to exercise care that the complaint conforms to all of the requirements set forth in articles 45.01, 45.16 and 45.17 of the Code of Criminal Procedure.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Mary Keller First Assistant Attorney General
 Lous McCreary Executive Assistant Attorney General
 Judge Zollie Steakly Special Assistant Attorney General
 Rick Gilpin Chairman Opinion Committee
 Prepared by Tom G. Davis Assistant Attorney General